## 54309. CLOUD v. GOSSETT et al.

DEEN, Presiding Judge.

1. The appellees, Mr. and Mrs. Gossett, filed a petition praying to adopt the natural son of the appellant. The petition contains a written consent by appellant to the adoption in which she agrees to surrender all parental rights and never to bring any suit seeking to regain custody. The petition alleges all of the statutory requirements for adoption, including facts showing the consent of the father was not required under Code § 74-403 (3). The court therefore properly overruled the motion to dismiss.

2. The mother contends that she gave the consent to adoption because she was at the time under arrest for forgery and expected to be compelled to serve a jail sentence, and because the adopting parents promised that after she got out they would give the child back to her. This is vehemently denied by both adoptive parents, by the social worker who did much of the liaison work, and by the appellees' attorney. The appellant's own testimony is in other respects ambiguous: She admits she did not want the child, born after her divorce, and considered having it adopted but later changed her mind because she had started going to church, and she admits that the appellees refused to take the infant on any temporary basis. Her divorced husband took temporary custody of her other three children and her opinion was that he would have taken temporary custody of the infant in question if he had been asked, but she did not ask him. She admitted that the social worker had counseled her against the adoption proceedings and told her the child could be placed temporarily in a foster home but she had vetoed this plan. The totality of evidence preponderates strongly toward the conclusion that the consent to the adoption was freely and voluntarily given, and that the appellant was in no way misled. There is no contention that the appellant was under medication or other disability at the time, as in *Duncan v. Harden,* 234 Ga. 204 (214 SE2d 890). Where it is not made to appear that the natural mother has been overreached in any particular, the trial judge has a wide discretion in deciding what is to the best

interests of the child. *Ritchie v. Dillon,* 103 Ga. App. 7 (118 SE2d 115). The order granting the adoption is affirmed.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Submitted September 6, 1977 — Decided October 7, 1977.

*Rachael G. Henderson,* for appellant.
*Fallin & Kirbo, William McIntosh,* for appellees.