## 56627. BROOKS et al. v. LEYVA.

WEBB, Judge.

This cause originated on October 18, 1974, when appellants filed a petition to terminate parental rights in the Juvenile Court of Fayette County. Mrs. Leyva, the mother of the minor children involved, answered and counterclaimed seeking their custody. The juvenile court found that the children were deprived and terminated Mrs. Leyva's parental rights. She appealed and we reversed. *Leyva v. Brooks,* 145 Ga. App. 619 (244 SE2d 119) (1978). From the ensuing order of the juvenile court awarding custody of the children to Mrs. Leyva, Mr. and Mrs. Brooks now appeal, asserting that the juvenile court was without subject matter jurisdiction to determine the issue of custody because it was not properly transferred by order of the superior court as required by Code Ann. § 24A-301 (c).

We disagree. Subsection (c) is applicable only in those cases where the juvenile court and the superior court have concurrent jurisdiction and custody is the subject of controversy. The Juvenile Court Code conferred exclusive original jurisdiction to the juvenile court over certain juvenile matters, and designated it the sole court for initiating action concerning any child that is alleged to be deprived and for the termination of the legal parent-child relationship.[1] Code Ann. § 24A-301 (a)(1)(C) and (2)(C). Thus the instant petition was under the exclusive jurisdiction of the juvenile court and not

---

[1]Except in connection with adoption proceedings under Code Ch. 74-4, which is not relevant here. "[A]lthough both superior and juvenile courts have jurisdiction to terminate the parent-child relationship, the superior court may act in this regard only in conjunction with an adoption proceeding which has been filed in that court. The juvenile court, on the other hand, remains the sole court for initiating a parental-termination proceeding where there is no concomitant adoption proceeding in process." 1977 Op. Atty. Gen. 237 (U77-52).

dependent upon a proper order of transfer from the superior court. Cf. *In re J. R. T.*, 233 Ga. 204 (210 SE2d 684) (1974). It is in order for the custody of these minor children to be returned to their natural mother.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 25, 1978 — REHEARING DENIED OCTOBER 18, 1978 —

*Howell, Johnson & Lanier, Glenn Howell, Edward H. Johnson,* for appellants.
*Eve B. Biskind, John L. Cromartie, Jr.,* for appellee.