63959. OWENS et al. v. WORLEY et al.

SHULMAN, Presiding Judge.

Appellees filed a petition for adoption seeking to adopt the natural children of appellants. Attached to the petition was a document signed by appellants and entitled "SURRENDER OF PARENTAL RIGHTS. FINAL RELEASE FOR ADOPTION." Nearly three months after surrendering their parental rights, appellants filed objections to the adoption, the chief objection being that they had not freely and knowingly surrendered their parental rights. That objection was based on appellants' contention that appellees had misrepresented the nature of the documents appellants signed. The trial court, after hearing testimony from appellants, rejected their objections and granted the adoption. This

appeal is from that judgment.

1. Appellants' first two enumerations of error concern the trial court's related findings that the consent to adoption was valid and was not procured by fraud. We cannot agree with appellants' assertion that those findings are not supported by the record. Prior to the hearing on appellants' objections to the adoption, appellees had furnished the court with all the appropriate documentation to authorize the adoption. Since appellees had, in effect, made out a prima facie case for adoption, it was clearly incumbent upon appellants as the objecting parties to show why the adoption should not proceed. Appellants attempted to do so by contending that their consent was procured by fraud. Their testimony, however, did not establish to the trial court's satisfaction that their assertions of fraud were well founded. Both appellants admitted that they were furnished copies of the documents by appellees' attorney and were offered an opportunity to read the documents. One of the appellants, in fact, read enough to determine that there were errors in the documents which necessitated partial retyping. We also note that, in accordance with Code Ann. § 74-404, the required heading of the surrender documents clearly stated in capital letters, "SURRENDER OF PARENTAL RIGHTS. FINAL RELEASE FOR ADOPTION." All the other documents signed by appellants carry similar clear and capitalized headings. Both appellants testified that they were able to read and were not prevented from reading the surrender documents here involved. From that testimony and from the record before the trial court, the judge determined that the consent was valid.

"The trial judge, who has the opportunity to observe the [parties] involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substantial evidence it should be affirmed by this court. [Cit.]" *Weaver v. Deen,* 151 Ga. App. 152 (259 SE2d 156). In the present case, we find sufficient support in the record for the trial judge's determination that appellants gave their consent to the adoption and that the consent was not procured by fraud.

2. Appellants' third enumeration of error attacks the trial judge's ruling that appellants, having failed to withdraw their consent within 10 days of giving it, are not entitled to revoke it at all. "A parent or guardian signing a surrender shall have the right to withdraw the surrender by written notice within 10 days after signing and the surrender document shall not be valid unless it so states. Thereafter a surrender may not be withdrawn." Code Ann. § 74-404 (b). The surrender document in the present case, being in the form

suggested by Code Ann. § 74-404 (c)(2), amply stated the parents' right to withdraw the surrender. The record leaves no question concerning the tardiness of appellants' effort to withdraw the consent: it came more than 10 days after signing the surrender documents. The trial court's determination was supported by the statute and was correct.

3. The final ground for reversal urged by appellants is the trial court's refusal to dismiss the adoption petition on appellants' motion. The motion was based on what appellants contend were technical insufficiencies in the petition and its attachments, specifically, the absence of appellees' marriage certificate when the petition was first filed and the lack of a financial disclosure.

Code Ann. § 74-407 (a)(5) provides that when adoption is sought pursuant to Code Ann. § 74-403 (a)(2), the statute under which adoption was sought in this case, "copies of appropriate certificates verifying allegations contained in the petition as to . . . marriage of the petitioners . . . shall be attached when the petition is filed . . ." When appellees filed their petition, their marriage certificate was not attached; it was, however, supplied by amendment. Since amendments relate back to the date the pleading was filed (Code Ann. § 81A-115 (c)), the omission from the petition was cured and the trial court was correct in declining to dismiss the petition on that ground.

The other ground asserted by appellants for dismissal of the petition was appellees' alleged noncompliance with the requirement in Code Ann. § 74-407 (b) that there be filed with the petition "a full accounting report in a manner acceptable to the court of all disbursement . . . in connection with the adoption." The only financial disclosures in the record are an affidavit by one appellant that she had received nothing from appellees in connection with the adoption, and an affidavit concerning attorney fees paid by appellees.

We read the phrase "in a manner acceptable to the court" in Code Ann. § 74-407 (b) as a grant of broad discretion to the trial court in determining whether there have been improper financial transactions associated with the adoption. It was clear to the trial judge in this case that there had been no such payments in this case. We find it to be within the trial court's discretion to determine from the limited documentation supplied in this case that there were no financial improprieties, especially since there were never any allegations that there were any actual irregularities: appellants' complaint in this regard is one of form, not substance. We see no abuse of the trial court's discretion.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Charles M. Evert, Marion Nelson Jones,* for appellants.
*James A. Elkins, Jr.,* for appellees.