## 66386. CAIN v. LANE.

McMURRAY, Presiding Judge.

This appeal arises from an adoption proceeding. The natural father of the child has consented to the adoption by petitioner, who is his present wife. The petition is contested by the natural mother of the child, the former wife of the father.

Following a hearing on the petition, the superior court entered its findings of fact and conclusions of law determining that the consent of the natural mother was not required and granted the petition for adoption. The natural mother appeals. *Held:*

1. The primary issue on appeal, as in the superior court, is whether the court was authorized to grant the petition for adoption in the absence of the surrender or termination of parental rights of the natural mother as provided in OCGA § 19-8-3 (formerly Code Ann. § 74-403 (Ga. L. 1977, pp. 201, 203)). Surrender or termination of parental rights as provided in OCGA § 19-8-3 (Code Ann. § 74-403), supra, is generally a prerequisite to the filing of a petition for adoption but is not applicable under certain circumstances involving abandonment of the child, failure by the parent for a period of one year or longer immediately prior to the filing of the petition for adoption to communicate, or make a bona fide attempt to communicate with the child, or to provide for the care and support of the child as required by law or judicial decree. See in this regard OCGA § 19-8-6 (a) (b) (formerly Code Ann. § 74-405 (a) (b) (Ga. L. 1977, pp. 201, 211; 1979, pp. 1182, 1187)).

The general rule requires that "[i]f there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court." *Beverly v. Kennedy,* 153 Ga. App. 149, 150 (1) (264 SE2d 690). However, in circumstances such as presented in the case sub judice, where there has been no surrender or termination of parental rights prior to the filing of the petition for adoption and petitioner relies upon the provisions of OCGA § 19-8-6 (Code Ann. § 74-405), supra, the adoption proceeding effectively serves an additional function as a proceeding for the termination of parental rights. Insofar as the adoption proceeding serves under the provisions of OCGA § 19-8-6 (Code Ann. § 74-405), supra, as a proceeding for the termination of parental rights the appropriate standard of appellate review is " 'whether after reviewing the evidence in the light most favorable to appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.' " *Blackburn v. Blackburn,* 249 Ga. 689, 694 (292 SE2d 821). See *Durden v. Barron,* 249 Ga. 686 (290 SE2d 923).

The child was born on August 3, 1971. The natural mother's last contact with the child prior to the filing of the petition for adoption on October 22, 1981, was in 1972. The natural mother did not provide any care and support for the child during this interval. The natural mother's position is that she was unable to locate the child during this time.

There are substantial conflicts between the evidence presented in support of and in opposition to the petition for adoption. The evidence upon which the superior court's ruling is predicated shows: When the child was approximately nine months old the natural mother carried the child to the home of the natural father's parents.

She told the natural father's sister that she could have the child if she wanted him. The natural mother returned a few days later and took the child back. Sometime thereafter while the natural mother was in the hospital recuperating from injuries received in a motorcycle accident the maternal grandmother carried the child back to the paternal grandmother's home from whence the child was taken to the natural father's home in Atlanta. In the ensuing years, despite repeated encounters by the natural mother with members of the natural father's family (all residents of a small area of Tennessee) the natural mother made no attempt to ascertain the whereabouts of her child.

Furthermore, we note that the final divorce decree entered between the natural mother and the natural father in July of 1972 states that the child was at that time residing in Atlanta. Petitioner presented testimony that the natural father's name was listed in the Atlanta telephone directory several years preceding the petition for adoption.

In applying the clear and convincing proof standard we find that the superior court was authorized to conclude that the natural father did not secrete the whereabouts of the child, and the whereabouts of the child was available and could have been ascertained by the natural mother. The evidence also supported the trial court's finding that the natural mother's failure to communicate with the child over an eight-year period resulted from her failure to make a bona fide attempt to communicate and that she had abandoned the child.

2. The natural mother also contends that the superior court's conclusion that the adoption is for the best interest of the child is application of an incorrect test. However, such a determination in addition to and separately from the finding of unfitness of a parent is a statutory condition precedent to the application of OCGA § 19-8-6 (a) (b) (Code Ann. § 74-405 (a) (b)), supra. We note that the determination of the court that the adoption is in the best interest of the child is supported by evidence as to the home provided by the petitioner and the child's natural father.

3. Whether examined in relation to the provisions of OCGA § 19-8-6 (a) or (b) (Code Ann. § 74-405 (a) (b)), supra, the court was authorized to conclude that the natural mother's consent to the adoption was not required. We find no abuse of discretion in the superior court's grant of the petition for adoption.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983.

*Robert A. Kunz,* for appellant.

■■■■■■■■■■■■■    ■■■■

*W. O'Neal Dettmering, Jr.,* for appellee.