## 69502. BOATMAN v. CHAPMAN et al.
### (329 SE2d 185)

BIRDSONG, Presiding Judge.

This is an appeal by Camellia Boatman from the grant of a petition by Marcelia and Grady Chapman for the adoption of Boatman's minor daughter. Boatman signed a Surrender of Parental Rights form on August 18, 1983, in the format set forth in OCGA § 19-8-4. At that time, Boatman and her daughter were living with Boatman's parents. She had not told her parents she was placing her child for adoption. On August 18, 1983, the Chapmans filed a petition for adoption of Boatman's daughter. The case was set for October 24 but was continued because of a failure to publish the public notice. On November 23, 1983, Boatman and her parents filed objections to the adoption. The principal issue was whether the consent of the mother to the surrender of parental rights had been freely and voluntarily given. The trial court found that the surrender and the acknowledgment were executed freely, voluntarily, and willingly, without undue influence or duress; that Camellia Boatman was competent and aware of the import of her actions at the time of the execution of that document; and that good and sufficient cause had not been shown to revoke such freely and voluntarily given consent. The petition for adoption was approved, and the natural mother brings this appeal. *Held*:

Under OCGA § 19-8-3, no adoption of a child with a living parent is permitted unless the parent has voluntarily, in writing, surrendered all rights to the child, or has had parental rights terminated by order of a court of competent jurisdiction. A parent executing a surrender of parental rights has an unrestricted right to withdraw consent within ten days after signing the document. OCGA § 19-8-4 (b); *Johnson v. Smith*, 251 Ga. 1, 2 (fn. 1) (302 SE2d 542). After ten days, while consent may not be revoked as a matter of right, it does not preclude such revocation prior to final adoption for good and sufficient cause. *Duncan v. Harden*, 234 Ga. 204, 206 (214 SE2d 890).

The trial court's order recited information given by the natural mother in a questionnaire from the Department of Family & Children Services. We also find this handwritten explanation by the mother of her surrender to be persuasive:

"1. How did you come to the decision to release the child and how were these arrangements made?

"A. I came to this decision by much prayer and thought and talks with my minister and then contacted my Lawyer and went from there.

"2. Upon signing the *Surrender of Parental Rights/Final Release for Adoption*, were you made aware of the ten-day revocation period? Did you attempt to revoke your surrender?

"A. Yes I was made aware of the ten-day period — NO I did not.

"3. Were you under any pressure or duress by the petitioners, attorney or any other interested party to sign the release?

"A. *No.* The decision was mine, only after consulting my attorney was it followed through.

"4. What are your feelings about the proposed adoption and were you aware of the finality of the adoption?

"A. I think Heather has a chance of having the best kind of life with the Chapmans and will be loved as a natural daughter — I think this is God's choice. Yes I am *fully* aware of the *finality* of this Adoption — It has to be this way or not at all."

The trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining the issues before him, and if the judgment is supported by any evidence, and is not clearly erroneous, an appellate court is not authorized to set it aside. OCGA § 9-11-52 (a); *Ridgley v. Helms,* 168 Ga. App. 435, 438 (309 SE2d 375); *Owens v. Worley,* 163 Ga. App. 488, 489 (295 SE2d 199). The judgment is supported by the evidence, and the court's findings are not clearly erroneous.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 21, 1985 —

*Joel E. Dodson,* for appellant.
*William E. Otwell,* for appellees.