A89A1387. MOORE v. BUTLER.
(386 SE2d 678)

DEEN, Presiding Judge.

The appellant, Ronald Moore, and his ex-wife had a son who was born after their divorce. The divorce decree was silent as to custody

or support of the child, but Moore's ex-wife and her mother have had physical custody of the child at all times. For a year or two, the child resided with the maternal grandmother, and Moore visited him there, although according to the grandmother, Moore was usually drunk. During that time, Moore also made some minimal contributions to the support of the child. In 1985, Moore was convicted of two counts of aggravated rape in Tennessee, and was sentenced to 40 years in the Tennessee Penitentiary, where he currently resides. His projected early release date is July 25, 1992.

Since that incarceration, Moore has not provided any meaningful contribution to the support or care of the child, but he has made numerous attempts to contact his son through the maternal grandmother, who knew where the child was but would not tell Moore. Moore's ex-wife never informed him of her address changes, so that Moore's only way of contacting her and his son was through the grandmother. Moore claims that he is maintaining a bank account with a balance of $51.51 for his son, but the account is actually in Moore's name. He also claims that the maternal grandmother had told him not to send money because his mail was just being thrown away. The grandmother denied instructing Moore not to send letters, but admitted that Moore wrote so much that she did not read them all and "just threw them in the trash."

In 1984 Moore's ex-wife married the appellee, Steve Butler, who brought this adoption petition. The evidence showed that the appellee is regularly employed and enjoys a good relationship with the child. The trial court found that Moore did not provide for the care and support of the child for a period of one year and over prior to the filing of the adoption petition, and that it was in the best interests of the child to be adopted. This direct appeal followed. *Held*:

1. The appellee has moved to dismiss this appeal on the basis that under *Gainey v. Olivo*, 258 Ga. 640 (373 SE2d 4) (1988), an appeal from an adoption proceeding is an appeal from a child custody proceeding, which requires the discretionary appeal procedure. However, the Supreme Court in *Gainey v. Olivo*, supra, held that for purposes of the Uniform Child Custody Jurisdiction Act, an adoption proceeding is included in the term custody proceeding. That case did not effect a construction of OCGA § 5-6-35 (a) (2). This court has previously held that appeals from adoption proceedings do not fall under OCGA § 5-6-35 (a) (2). *In re J. S. J.*, 180 Ga. App. 873 (350 SE2d 843) (1986). The appellee's motion to dismiss is denied.

2. OCGA § 19-8-6 (b) provides that "[s]urrender or termination of parental rights, as provided in Code Section 19-8-3, shall not be required as a prerequisite to the filing of a petition for adoption pursuant to paragraph (4) or (5) of subsection (a) of Code Section 19-8-3 in the case of a parent who has failed significantly, for a period of one

year or longer immediately prior to the filing of the petition for adoption (1) to communicate or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, where the court is of the opinion that the adoption is for the best interests of the child." Determination of "failed significantly" in a case may still involve the exercise of the trial court's discretion, see *Chandler v. Cochran*, 247 Ga. 184 (5) (275 SE2d 23) (1981), but we find clear and convincing evidence to support the trial court's determination in this case.

It was uncontroverted that Moore provided no care or support for the child during the one-year period preceding the filing of the adoption petition. The lack of a court order establishing a child support obligation did not excuse Moore's legal obligation to support his child. OCGA § 19-7-2, generally; *Pacella v. Sanchez*, 191 Ga. App. 611 (382 SE2d 371) (1989). Moore's incarceration likewise did not relieve him of his natural and statutory obligation to support his child. *Curtis v. Jones*, 160 Ga. App. 904 (1) (288 SE2d 615) (1982). Moore's bank account, despite his claim that he was saving the money for the child, did not provide support for the child. In short, the evidence authorized the trial court to find that Moore had failed significantly for the year prior to the filing of the adoption petition to provide support for the child, and that the adoption was for the best interests of the child. *In the Interest of C. D. B.*, 182 Ga. App. 263 (355 SE2d 759) (1987).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

*Gary M. Newberry, Vicky O. Kimbrell,* for appellant.
*Leonard A. Baldwin,* for appellee.