## A92A0332. MOTES et al. v. LOVE et al.
(415 SE2d 334)

McMURRAY, Presiding Judge.

Appellees Helen Love and Warren Love petitioned to adopt two children of their son. The petition also sought the termination of visitation rights previously granted the maternal grandparents. The appellees' son and his former wife, the natural mother of the children, surrendered all of their rights in the children to appellees for the purpose of enabling them to adopt the children. Appellants Joe Motes and Margaret Motes, the maternal grandparents of the children, filed an objection to the adoption, seeking dismissal of appellees' petition for adoption and that they be permitted to file a petition for adoption of the children. Appellants appeal the grant of appellees' petition for adoption. *Held*:

1. Appellants contend that the superior court erred in granting the adoption, given appellee Helen Love's violent tendencies and unstable condition. However, the evidence upon which these contentions are predicated is not uncontroverted. The question of the *weight* to be attributed to the conflicting evidence was a matter for the superior court. As an appellate court, we may examine only the *sufficiency* of the evidence and having done so, we find that there is sufficient evidence to authorize the superior court's resolution of the factual conflict in favor of Mrs. Love. *Venture Design, Ltd. v. Original Appalachian Artworks*, 197 Ga. App. 432, 434 (1) (398 SE2d 781).

Appellants also contend that the superior court erred in refusing to exercise its discretion under OCGA § 19-8-16 (b) and not ordering more extensive investigations of the parties and in refusing to appoint a guardian ad litem for the children pursuant to OCGA § 19-8-17 (c). First, we note that the record shows that the superior court requested an investigation concerning appellees' petition for adoption and that the transcript of the adoption hearing shows that a report by the Department of Human Resources was considered by the superior court, albeit the report is not included in the record on appeal. The absence of the report from the record does not suggest error. *Baugh v. Robinson*, 179 Ga. App. 571, 572 (346 SE2d 918).

At the adoption hearing, appellants presented the testimony of Mrs. Motes and of a neighbor. (Interestingly, appellants and appellees reside only one residence apart with this hapless witness residing between them.) Appellants have failed to suggest any specific evidence which was omitted from the superior court's consideration due to the absence of a further investigation. Nor have appellants directed our attention to any matter in which the interest of the appellees and the children are in conflict. While appellants requested further investigation by the superior court, the record fails to show any abuse of discretion on the part of the superior court in denying these requests.

2. Appellants also contend that the court erred in failing to continue their visitation rights previously awarded to them pursuant to OCGA § 19-7-3 in the divorce decree of the children's parents. In this regard, we note that the superior court remarked shortly before the conclusion of the adoption hearing that "[i]f I grant the adoption, I can't make the adopting parents allow the [appellants] to have visitation rights." Perhaps this explains the court's failure to address the visitation issue, in either the decree of adoption or in the order denying appellants' motion for reconsideration, despite appellants' attempts to invoke a ruling.

Under the current statutory scheme (following the changes enacted in Ga. L. 1990, p. 1572), visitation may be granted to grandparents, whose tie to the adopted child is severed by the adoption, if the child is adopted by the child's blood relative. OCGA §§ 19-7-3 and 19-8-15. This provision for visitation by grandparents, where the adoption is by a blood relative, is an exception to the provisions of OCGA § 19-8-19 (or the former OCGA § 19-8-14 which contained similar provisions) which sever all former relationships of the adopted child. See *Campbell v. Holcomb*, 193 Ga. App. 474, 475 (388 SE2d 65); *Murphy v. McCarthy*, 201 Ga. App. 101 (410 SE2d 198).

The appellees rely upon the decision in *Mitchell v. Erdmier*, 253 Ga. 335 (320 SE2d 163), for authority that the above noted exception is not viable. However, that case was decided prior to significant changes in the statutory scheme. See particularly Ga. L. 1988, p. 864 and Ga. L. 1990, p. 1572.

Thus, the superior court possessed the authority to grant to the appellants "reasonable visitation rights upon proof of special circumstances which make such visitation rights necessary to the best interests of the child. There shall be no presumption in favor of visitation by any grandparent; and the court shall have discretion to deny such visitation rights. . . ." OCGA § 19-7-3 (c). As it is apparent that the superior court did not recognize this authority and as appellants have preserved this issue by attempting to invoke a ruling on this issue, this case must be remanded to the superior court in order that it may rule on appellants' request for visitation rights.

*Judgment affirmed and case remanded with direction. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 10, 1992.

*Edward P. Gibbons, Birney O. Bull*, for appellants.
*Adam P. Cerbone*, for appellees.