A92A0842. EDGAR v. SHAVE et al.
(422 SE2d 234)

BEASLEY, Judge.

Appellees petitioned to adopt appellant's two grandsons. Appellant moved to intervene to object and to obtain visitation rights. She appeals from a final order of adoption in favor of appellees in which the court denied her motions. Jurisdiction of this direct appeal is proper under *Moore v. Butler*, 192 Ga. App. 882 (1) (386 SE2d 678) (1989).

Appellant, the maternal grandmother petitioned the juvenile court and alleged that the children, then one and two years old, were deprived. The biological mother was experiencing severe financial hardship and consented to the petition. A hearing was held in the juvenile court on March 14, 1990.

During the pendency of the juvenile court proceedings, the biological mother decided it would be in the best interest of the children to allow their adoption. An adoptive couple was located. On September 12, the mother executed in favor of appellees, who are not blood relatives, a "surrender of rights — final release for adoption," OCGA §§ 19-8-4 (a) (1) and 19-8-26 (a), an "acknowledgment of surrender of parental rights," OCGA §§ 19-8-4 (f) and 19-8-26 (g), and a "mother's affidavit regarding putative father," OCGA § 19-8-26 (h).

By order of October 23, the juvenile court found the children to be deprived due to their mother's inability to provide them with proper care and their father's incarceration. They were placed in ap-

pellant's temporary custody for a period not to exceed 18 months.

On June 20, 1991, appellees petitioned the superior court for adoption. The mother objected at this time and moved to revoke her surrender of parental rights. Appellant moved to intervene, to dismiss and to obtain visitation rights. An evidentiary hearing was held, and the superior court ordered the adoption, having concluded that appellant lacked standing to intervene in the proceedings. The court denied the mother's motion to revoke, finding that her surrender of rights was freely and voluntarily executed without undue pressure or influence. The father voluntarily surrendered his rights and consented to the adoption. Both biological parents' rights were terminated.

1. Appellant contends that the superior court lacked jurisdiction to entertain the adoption petition because of the pendency of the deprivation proceedings in the juvenile court.

OCGA § 19-8-2 (a) confers on the superior courts "exclusive jurisdiction in all matters of adoption, except such jurisdiction as may be granted to the juvenile courts." Juvenile court jurisdiction, which is governed by OCGA § 15-11-5, does not specify adoption.

The juvenile court had exclusive original jurisdiction over the deprivation proceedings, OCGA § 15-11-5 (a) (1) (C), and it had the authority to order disposition best suited to the needs of the children, OCGA § 15-11-34 (a) (2) (A). The deprivation proceeding in the juvenile court did not carry with it jurisdiction to consider the adoption matter. "Exclusive jurisdiction of adoption proceedings is vested in the superior courts." *McCall v. VanPopering*, 124 Ga. App. 149, 150 (1) (183 SE2d 411) (1971). See also *Spires v. Bittick*, 171 Ga. App. 914 (1) (321 SE2d 407) (1984). Compare *West v. Cobb County DFACS*, 243 Ga. 425 (254 SE2d 373) (1979) (habeas corpus was not an available remedy to obtain custody in the superior court while a deprivation order of the juvenile court was in effect); *Brooks v. Leyva*, 147 Ga. App. 616, n. 1 (249 SE2d 628) (1978) ("adoption proceedings . . . not relevant here").

2. Relying on OCGA § 19-8-5 (a), appellant contends it was necessary to obtain her written surrender of rights because, as temporary legal custodian under the juvenile court deprivation order, she was in effect their guardian when the petition was filed.

OCGA § 19-8-5 (a) provides: "[A] child who has any living parent or guardian may be adopted by a third party who is neither the stepparent nor relative of that child . . . only if each such living parent and each such guardian has voluntarily and in writing surrendered all of his rights to the child to that third person for the purpose of enabling that person to adopt the child." "Guardian," as defined by OCGA § 19-8-1 (5), "means a legal guardian of the person of the child."

Appellant's status was that of temporary custodian. "Custodian"

is defined in the Juvenile Court Code as "a person, other than a parent or legal guardian, who stands in loco parentis to the child or a person to whom legal custody of the child has been given by order of a court. . . ." OCGA § 15-11-2 (5). A surrender of rights by appellant was not required under OCGA § 19-8-5 (a).

3. Enumerations of error 3, 4 and 5 present new issues not asserted in the trial court and are not considered for the first time on appeal. *Woods v. Atlanta Leasing Corp.*, 201 Ga. App. 844, 845 (2) (412 SE2d 607) (1991).

4. Appellant's remaining enumerations of error address substantive objections to the final order of adoption. However, as in *Murphy v. McCarthy*, 201 Ga. App. 101, 102 (410 SE2d 198) (1991), neither OCGA § 19-7-3 nor OCGA § 19-8-15 confers standing on appellant to intervene in the adoption proceedings.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Phyllis Miller,* for appellant.
*Jerrold W. Hester,* for appellees.