A92A0946. MESSER v. MARCHMAN et al.
(422 SE2d 250)

CARLEY, Presiding Judge.
Appellant, as the natural mother of a minor child, surrendered her parental rights to appellees and acknowledged her surrender in accordance with OCGA § 19-8-5. After expiration of the requisite ten-day period and an alleged seven-day extension thereof, appellees petitioned for adoption of the child. Appellant filed an objection to the adoption. The trial court, after conducting an evidentiary hearing, granted appellees' petition for adoption, finding that appellant's surrender of her parental rights had been freely and voluntarily given and that the adoption by appellees was in the best interest of the minor child. Appellant appeals directly from the trial court's order of adoption. See *Moore v. Butler*, 192 Ga. App. 882, 883 (1) (386 SE2d 678) (1989); *In re J. S. J.*, 180 Ga. App. 873 (350 SE2d 843) (1986).

1. Appellant urges that her consent was not freely and voluntarily given or, in the alternative, that there was good and sufficient cause to void her consent.

Appellant's contentions were strongly "denied by both adoptive parents, by [other witnesses], and by the appellees' attorney." *Cloud v. Gossett*, 143 Ga. App. 444 (2) (238 SE2d 578) (1977). Thus, "the evidence upon which these contentions are predicated is not uncontroverted. The question of the *weight* to be attributed to the conflicting evidence was a matter for the superior court. As an appellate court, we may examine only the *sufficiency* of the evidence and having done so, we find that there is sufficient evidence to authorize the superior court's resolution of the factual conflict in favor of [appellees]. [Cit.]" (Emphasis in original.) *Motes v. Love*, 202 Ga. App. 749 (1) (415 SE2d 334) (1992). "The trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining the issues before [it], and if the judgment is supported by any evidence, and is not clearly erroneous, an appellate court is not authorized to set it aside. [Cits.]" *Boatman v. Chapman*, 174 Ga. App. 77, 78 (329 SE2d 185) (1985). Considering all the evidence, "we cannot say that the trial [court] abused [its] discretion in finding that the appellant had freely and voluntarily consented to the adoption. [Cits.]. . . . [Moreover, in] the absence of additional circumstances, the trial [court] did not err in refusing to release the appellant from her consent. [Cits.]" *McGowan v. Wilkinson*, 145 Ga. App. 691, 692 (1, 2) (244 SE2d 626) (1978). See also *Ridgley v. Helms*, 168 Ga. App. 435, 437-439 (1, 2) (309 SE2d 375) (1983).

2. Appellant also contends that appellees failed to file with their petition, "in a manner acceptable to the court, a report fully accounting for all disbursements . . . in connection with the adoption. . . ." OCGA § 19-8-13 (c).

The record contains affidavits disclosing that appellant had received nothing from appellees in connection with the adoption and that a certain amount of attorney's fees was paid by appellees. "We read the phrase 'in a manner acceptable to the court' in [OCGA § 19-8-13 (c)] as a grant of broad discretion to the trial court in determining whether there have been improper financial transactions associated with the adoption. It was clear to the trial [court] in this case that there had been no such payments in this case. We find it to be within the trial court's discretion to determine from the . . . documentation supplied [and the testimony heard] in this case that there were no financial improprieties . . . : appellant['s] complaint in this regard is one of form, not substance. We see no abuse of the trial court's discretion." *Owens v. Worley*, 163 Ga. App. 488, 490 (3) (295 SE2d 199) (1982).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

Decided September 8, 1992.

*Little & Adams, Robert B. Adams*, for appellant.
*Waycaster, Corn & Morris, Robert L. Waycaster, Jr., Cynthia N. Johnson*, for appellees.