A93A2418. LEE v. STRINGER et al.
(441 SE2d 861)

POPE, Chief Judge.

Appellant Melanie Webb Lee executed a surrender of parental rights with respect to her daughter born May 13, 1991 in favor of appellees, Gary and Faye Stringer. After expiration of the statutory ten-day period, the Stringers filed a petition for adoption of the child. Lee filed an objection to and motion to dismiss the adoption petition. The trial court, after conducting an evidentiary hearing, granted the Stringers' petition for adoption, and Lee filed this direct appeal to this court. See, e.g., *Moore v. Butler*, 192 Ga. App. 882, 883 (1) (386 SE2d 678) (1989).

1. Lee first enumerates as error the finding of the trial court that the surrender of parental rights form she executed substantially complied with OCGA § 19-8-26 (c). The record shows that the form Lee executed, unlike the form contained in OCGA § 19-8-26 (c), did not

contain language surrendering the child to the Department of Human Resources in the event the Stringers failed to file a petition for adoption within 60 days. We agree with the trial court that this omission did not render the surrender invalid under the facts of this case. The record shows that the surrender was executed on August 11, 1991 and that the petition was filed on September 4, 1991, clearly within the 60 days provided for filing the petition. Thus the language in the Code section providing the conditions under which the child would be surrendered to DHR for placement for adoption would have been mere surplusage in this case. Cf. *Tyson v. Dept. of Human Resources*, 165 Ga. App. 414 (301 SE2d 485) (1983) (in which the fact that the "wrong" form was used properly resulted in dismissal of the petition both because one of the individuals to whom surrender was made was wrongfully identified as a relative of the natural mother *and* the individuals named in the surrender form then attempted to "assign" the surrender to *another third party* who then initiated the adoption proceedings).

Lee also argues, however, that if the language had been included in the form she executed, she would have then understood that her surrender of her parental rights was total. As to this contention, the record shows that the form executed by Lee clearly provided that she was absolutely surrendering her parental rights in, and control over, her child. Moreover, in addition to the surrender of rights document, Lee also executed an Acknowledgment of Surrender of Rights, which provided, inter alia, "I understand that this is a full, final and complete surrender, release and termination of all my rights to the child." We thus find no merit to the contention that the omitted language would have provided Lee a greater understanding of the consequences of her actions than the clear, plain and unambiguous language that was contained in the documents she signed.

2. We have examined Lee's contentions concerning the financial transactions between the parties and find them to be without merit. " 'We read the phrase "in a manner acceptable to the court" in (OCGA § 19-8-13 (c)) as a grant of broad discretion to the trial court in determining whether there have been improper financial transactions associated with the adoption. It was clear to the trial (court) in this case that there had been no such payments in this case. We find it to be within the trial court's discretion to determine from the . . . documentation supplied (and the testimony heard) in this case that there were no financial improprieties . . . [ . . .] We see no abuse of the trial court's discretion.' *Owens v. Worley*, 163 Ga. App. 488, 490 (3) (295 SE2d 199) (1982)." *Messer v. Marchman*, 205 Ga. App. 364, 365 (2) (422 SE2d 250) (1992).

3. Lee also contends that the trial court erred in finding that she freely and voluntarily surrendered her parental rights, and in failing

to specifically rule on her contention concerning the revocation of her consent for good and sufficient cause.

At the outset we note that although Lee asserts that the standard of review applicable to this case is the clear and convincing evidence test set forth in *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982), this court has held that this standard does not apply when there has been a surrender of parental rights prior to the institution of adoption proceedings. *Cain v. Lane*, 168 Ga. App. 405, 406 (1) (309 SE2d 401) (1983). Rather, the judgment of the trial court in cases where there has been a surrender of parental rights prior to the filing of the adoption petition will not be set aside by this court if that judgment is supported by any evidence and is not clearly erroneous. *Boatman v. Chapman*, 174 Ga. App. 77, 78 (329 SE2d 185) (1985). See also *Cain v. Lane*, 168 Ga. App. at 406.

Our review of the record in this case shows that the evidence presented by the parties as to the circumstances surrounding the surrender of parental rights was conflicting. "The question of the *weight* to be attributed to the conflicting evidence was a matter for the superior court. As an appellate court, we may examine only the *sufficiency* of the evidence and having done so, we find that there is sufficient evidence to authorize the superior court's resolution of the factual conflict in favor of [the Stringers]. (Cit.)' (Emphasis in original.) *Motes v. Love*, 202 Ga. App. 749 (1) (415 SE2d 334) (1992). 'The trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining the issues before (it), and if the judgment is supported by any evidence, and is not clearly erroneous, an appellate court is not authorized to set it aside. (Cits.)' *Boatman v. Chapman*, 174 Ga. App. [at 78]. Considering all the evidence, 'we cannot say that the trial (court) abused (its) discretion in finding that [Lee] had freely and voluntarily consented to the adoption (cits.). . . . (Moreover, in) the absence of additional circumstances, the trial court did not err in refusing to release [Lee] from her consent [and the trial court's failure to specifically address this issue does not require that the trial court's judgment be reversed]. (Cit.)' *McGowan v. Wilkinson*, 145 Ga. App. 691, 692 (1, 2) (244 SE2d 626) (1978). See also *Ridgley v. Helms*, 168 Ga. App. 435, 437-439 (1, 2) (309 SE2d 375) (1983) [adoption upheld although trial court did not specifically address revocation based on good and sufficient cause]." *Messer v. Marchman*, 205 Ga. App. at 365 (1). The trial court's judgment granting the petition for adoption is affirmed.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 25, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994 —

*Susan A. Reif, Mary I. Dickerson, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen,* for appellant.
*Barry H. Wood, Judy E. Shurling,* for appellees.