A94A2461. SCHUMACHER et al. v. SEXTON et al.
(455 SE2d 348)

RUFFIN, Judge.

The Schumachers are the paternal grandparents of the child involved in this termination of parental rights case. In 1989, when the child was less than a year old, her mother sent her to live with the Sextons. At that time the mother was separated from the child's father and living with another man. The father died in 1993. On November 16, 1993, the mother executed forms surrendering the child to the Sextons and acknowledging the surrender pursuant to OCGA

---

§§ 19-8-5 and 19-8-26 (g).

In January 1994, the Sextons filed a petition to adopt the child. Three months later, the Schumachers filed an objection to the Sextons' adoption, and the mother moved to withdraw her surrender of parental rights. At the hearing on the motion to withdraw, the mother testified that when she signed the surrender forms she was a cocaine addict. Although she had not used cocaine for two days prior to signing the surrender, the mother testified she was still feeling its effects when she did so and that the drug clouded her judgment and affected her understanding. The court found that the mother's consent to the surrender was given freely and voluntarily and that she had not shown good and sufficient cause why the surrender should be voided.

1. The Schumachers contend that the trial court erred in finding that the mother was competent to execute the surrender of her parental rights. We disagree. "Where a natural parent claims mental incapacity in a case involving the surrender of parental rights, this court will base our analysis upon the law regarding mental incapacity to execute a contract generally. [Cit.] Thus, a contract surrendering parental rights is subject to cancellation if the person executing the contract was *entirely without understanding* of the contract or if the person lacked a full and clear understanding of the nature and consequences of the contract. (Cit.) [Cit.] . . . The burden [of proof] is upon [the one] who asserts the incompetency. . . . It is also the policy of Georgia law, wherever possible, to uphold contracts and to uphold the capacity of one to enter into a contract. . . . [Cit.]" (Punctuation omitted; emphasis supplied.) *Faulkenberry v. Elkins*, 213 Ga. App. 472, 474-475 (2) (445 SE2d 283) (1994).

The mother admitted that she signed the surrender and acknowledgment freely and voluntarily. She also testified that the Sextons' attorney would not let her sign the documents until she had read them and that they went through the documents line by line. In addition, she recalled the details of that day and the preceding two days with clarity. Based upon our review of the testimony, we do not believe the mother met the burden of proving she was incompetent and "entirely without understanding" when she surrendered her parental rights. "Instead, the evidence leads us to believe that [she] knowingly and voluntarily relinquished custody of her child but [months] later changed her mind. . . ." Id. at 476. This enumeration is without merit.

2. The Schumachers do not deny that the mother did not attempt to withdraw her surrender within ten days as required by OCGA § 19-8-9 (b), but contend that the trial court erred in ruling that the mother had not shown good and sufficient cause why the surrender should be voided. We disagree. Under OCGA § 19-8-9 (b), a parent surrendering parental rights has ten days to withdraw the sur-

render. "After ten days, although consent may not be withdrawn as a matter of right 'it does not preclude such revocation prior to final adoption for good and sufficient cause.' [Cits.]" *Ridgley v. Helms*, 168 Ga. App. 435, 438 (2) (309 SE2d 375) (1983). Here, "[t]he trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining [whether good and sufficient cause has been shown], and if the [court's] judgment is supported by any evidence, and is not clearly erroneous, an appellate court is not authorized to set it aside. [Cit.]" (Citation and punctuation omitted.) *Lee v. Stringer*, 212 Ga. App. 401, 403 (3) (441 SE2d 861) (1994). The surrender was signed freely and voluntarily and the trial court found the mother competent. "[I]n the absence of additional circumstances, the trial court did not err in refusing to release [the mother] from her consent. . . . [Cits.]" Id. See also *Helms*, supra at 439.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 13, 1995 — 

*S. Lester Tate III*, for appellants.
*Eric N. Welch*, for appellees.