A96A2464. SPIRES v. TARLETON.
(483 SE2d 337)

JOHNSON, Judge.
Phillip Tarleton married Salina Conkle, the mother of Jessica Lee Conkle. Tarleton then filed this petition to terminate the parental rights of Jessica's biological father, Robert Spires, and to adopt Jessica. The trial court granted the petition. Spires appeals, and we reverse.

1. Spires correctly claims the trial court erred in denying his motion to dismiss, made on the ground that Tarleton's petition failed to meet the requirements of OCGA § 19-8-13 (a) (4). This statute sets out a list of documents, each of which "shall be provided or attached or its absence explained when [a] petition is filed" under OCGA § 19-8-6 (a), which governs stepparent adoptions. Tarleton failed to attach or explain the absence of the affidavit of the legal mother, required by OCGA § 19-8-13 (a) (4) (C); the allegation of compliance with

OCGA § 19-8-12, required by OCGA § 19-8-13 (a) (4) (E); the birth certificate of the child and marriage certificate of the custodial parent and new spouse, required by OCGA § 19-8-13 (a) (4) (F); and the information sheet required by OCGA § 19-8-13 (a) (4) (G), which is a "completed form containing background information regarding the child to be adopted." Because "[a]doption statutes should be strictly construed and meticulously followed," *Nelson v. Taylor*, 244 Ga. 657, 659-660 (2) (261 SE2d 579) (1979), the failure to attach or explain the absence of these documents requires reversal. See id.

Cases upholding adoptions in spite of technical flaws in the supporting documents are distinguishable. In *Families First v. Gooden*, 211 Ga. App. 272 (439 SE2d 34) (1993), the biological mother omitted some facts and falsified others in her affidavit. We held this did not give her a right to challenge the adoption later, because the purpose of the information in question was to allow notice to the putative biological father, who in fact received notice in spite of the affidavit's defects. Moreover, it would have been inequitable to allow the biological mother to profit by her own intentional misconduct. See id. at 274-275 (2).

Similarly, in *Lee v. Stringer*, 212 Ga. App. 401 (441 SE2d 861) (1994), the biological mother signed a surrender form that should have, but did not, contain language surrendering the child to the Department of Human Resources if the intended adopting parents did not file their adoption petition within 60 days. We held this defect immaterial because the adopting parents filed a proper petition within 60 days. Id. at 401-402 (1). The instant case, by contrast, deals with the omission of entire documents, and Tarleton has not demonstrated that they were immaterial.

*Chandler v. Cochran*, 247 Ga. 184, 186 (2) (275 SE2d 23) (1981) is also distinguishable. Though *Chandler* affirmed an adoption in spite of the complete absence of a statutorily required report, the statute there in issue vested the trial judge with discretion to take alternative investigatory steps if the report were unavailable. The judge in *Chandler* took those steps. Id. at 185-186. Moreover, the *Chandler* report was to have come from a neutral source, the Department of Human Resources. In the instant case, however, OCGA § 19-8-13 (a) (4) provides that the documents in issue are to come from the petitioner; places squarely on the petitioner the burden of explaining the absence of any missing document; and does not set out any other ground for proceeding without the documents. Tarleton did not attach the documents or explain their absence. The judgment in his favor therefore cannot be sustained. See generally *Nelson v. Taylor*, supra.

2. Though we need not reach the issue to decide this appeal, we note for purposes of retrial our doubt that the evidence in this case

reaches the "clear and convincing" standard required to support a termination of parental rights. See *Blackburn v. Blackburn*, 249 Ga. 689, 694 (2) (292 SE2d 821) (1982). Certainly Tarleton has shown no abandonment under OCGA § 19-8-10 (a), because there is no evidence whatsoever of "an actual desertion, accompanied by an intention to sever entirely, as far as possible to do so, the parental obligations . . . and forego all parental duties and claims." (Citation, punctuation and emphasis omitted.) *Griffith v. Brooks*, 193 Ga. App. 762, 766 (1) (389 SE2d 246) (1989). Moreover, the evidence suggests Conkle may have deliberately frustrated Spires' attempts to communicate with and provide support for Jessica. If she did so, then it is unlikely Tarleton could show that Spires' conduct met one of the two alternative grounds for terminating his rights under OCGA § 19-8-10 (b): Failure for at least one year, *without justifiable cause*, to communicate meaningfully with or provide support for the child. See generally *Crumb v. Gordon*, 157 Ga. App. 839, 841-842 (2) (278 SE2d 725) (1981).

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 1997.

*Adams, Barfield, Dunaway & Hankinson, Nancy C. Barfield*, for appellant.

*C. Arthur Moss, Jr.*, for appellee.