## A97A0061. BRAGG et al. v. STATE OF GEORGIA.
### (487 SE2d 137)

SMITH, Judge.

Tom and Elizabeth Bragg, maternal grandparents of a minor child, appeal the order of the Thomas County Superior Court denying their petition for adoption.[1] Appellants' daughter and her former husband, the natural parents of the child, surrendered their parental rights in the child to appellants for the purpose of enabling appellants to adopt the child. The trial court appointed a guardian ad litem for the child, and the guardian ad litem filed a brief as appellee here. After hearing testimony presented by appellants and by the guardian ad litem, the trial court denied the petition, concluding that adoption would not be in the best interest of the child.

1. Appellants, while filing eight enumerations of error, have failed to comply with several of this Court's rules: Court of Appeals Rule 27 (a) (1), requiring a statement of the preservation of each enumeration of error; Rule 27 (c) (1), requiring that the sequence of argument follow the order of the enumerations of error and be numbered accordingly; and Rule 27 (c) (3) (i), requiring that each enumeration of error be supported by specific record references. Appellee correctly notes that appellants' counsel filed a similarly nonconforming brief in another appeal. *Glisson v. Morton*, 203 Ga. App. 77 (416 SE2d 134) (1992). That brief was held "barely sufficient" for its arguments to be considered by this Court. Id. It, however, addressed only one enumeration of error, while the four-page argument in this brief purports to discuss eight.

"Any enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." Court of Appeals Rule 27 (c) (2). "It is basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal, and error enumerated but neither argued in the brief nor supported by citation of authority is considered abandoned. Further, where the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error." (Citations omitted.) *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986). Nevertheless, because of the great importance of the parent-child relationship and the issue of adoption, we will attempt to reach the merits of this appeal insofar as appellants' arguments can be discerned.

---

[1] The minor child was also the subject of a deprivation petition. The mother's appeal was dismissed. *In the Interest of J. C. H.*, 224 Ga. App. 708 (482 SE2d 707) (1997).

2. In multiple enumerations of error, appellants appear to assert the general grounds. We note that when there has been a surrender of parental rights prior to the institution of adoption proceedings, the judgment of the trial court will not be set aside by this Court if that judgment is supported by any evidence and is not clearly erroneous. *Lee v. Stringer*, 212 Ga. App. 401, 403 (3) (441 SE2d 861) (1994) (affirming grant of adoption petition). When even slight evidence supports the trial court's denial of a petition to adopt, it cannot be held that the discretion residing in that court was abused, particularly if that slight evidence indicates the best interest of the child will be served by denying the petition to adopt. *Grady v. Hill*, 128 Ga. App. 153, 154 (1) (195 SE2d 794) (1973).

"The question of the *weight* to be attributed to the conflicting evidence was a matter for the superior court. As an appellate court, we may examine only the *sufficiency* of the evidence and having done so, we find that there is sufficient evidence to authorize the superior court's resolution of the factual conflict" against appellants. (Emphasis in original.) *Motes v. Love*, 202 Ga. App. 749 (1) (415 SE2d 334) (1992). This evidence includes testimony that appellants failed to intervene on the child's behalf for approximately 20 months despite their knowledge that the father and mother were drug abusers, the mother was suffering from mental illness, and the child was significantly underweight and ill.

Appellant Elizabeth Bragg acknowledged that appellants had refused to take the child or had returned the child to the parents and to foster care on several previous occasions; this was confirmed by other witnesses. Evidence was also presented that appellants engaged in negative and even bizarre behavior during supervised visitation: they ignored the child; they engaged in very rough play despite the child's pleas to stop; and they called the child, who is male, by a female form of his name and threatened to buy him a dress. A foster parent testified that the child reacted poorly to visitation with appellants and became agitated and aggressive after such visits.

The trial court had the opportunity to question and observe the parties and witnesses and judge their credibility. Given the trial court's wide discretion in determining whether good and sufficient cause for adoption has been shown, and because its judgment is supported by some evidence and is not clearly erroneous, we are not authorized to set it aside. *Lee v. Stringer*, supra, 212 Ga. App. at 403 (3).

We note that appellants make assertions in their brief that purport to contradict evidence introduced below: specifically, that the evidence regarding the criminal record of one of appellants' adult children was in error. It is axiomatic, however, that the record below

cannot be enlarged by assertions in briefs, and this Court cannot consider such material. *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164 (2), 165 (464 SE2d 259) (1995). The son in question was available to testify. Appellants had both an opportunity and the obligation to submit evidence in support of their contentions at trial; they cannot do so on appeal.

Appellants also contend that the trial court failed to follow the recommendations of the investigative report required by OCGA § 19-8-16. While OCGA § 19-8-18 (a) (1) requires that the trial court "give consideration" to the report, see generally *Cafagno v. Hagan*, 213 Ga. App. 631, 633-634 (2) (445 SE2d 380) (1994), it does not require that the court follow or adopt any conclusions in the report. The report appears in the record, and the trial judge stated on the record that he had read and considered it. This contention is without merit.

3. Appellants complain in two very general enumerations of error that unspecified misleading and irrelevant evidence was illegally admitted. While their brief is extremely vague, it appears that their primary complaint is the admission of testimony regarding the criminal records of their adult children. Evidence was presented by certified copies of convictions and by testimony elicited from one of the appellants that three of appellants' four children, who were living in close proximity to or frequently visited appellants, had substantial criminal records. These included major felonies in the case of one son and sexual offenses involving children in the case of another son. There is no evidence in the record, and no argument in appellants' brief, to support any contention that the evidence was admitted illegally. To a general objection on the ground of relevance, the trial court responded, "I'll hear it and I'll give it the weight I think it needs. I think there can be some relevance to it."

Appellants have cited no authority, and we find none, that this evidence was completely irrelevant to a consideration of the child's best interest. This Court has relied on evidence of "associations with people connected with criminal activities," among other things, to affirm a trial court's conclusion that an individual was an unfit and improper person to have custody of his own children. *Milford v. Maxwell*, 140 Ga. App. 85, 86 (3) (230 SE2d 93) (1976). The admissibility of evidence is "within the discretion of the trial court and our law favors admission of relevant evidence, leaving the weight it should be accorded for the jury. Thus, appellate courts will not interfere with the exercise of that discretion unless it is abused. . . . The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citations and punctuation omitted.)

*Pope v. Witter*, 205 Ga. App. 101, 103 (4), (5) (421 SE2d 725) (1992). The trial court was authorized to consider such evidence in the context of a petition for adoption.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1997.
Before Judge Altman.
*Arthur J. Shelfer, Jr.*, for appellants.
*Gwendolyn A. Atkinson*, for appellee.