A98A0655. MABOU v. ELLER et al.
(502 SE2d 760)

BLACKBURN, Judge.

Misty Mabou appeals the trial court's grant of summary judgment to Stanley and Johnnie Eller on their petition pursuant to OCGA § 19-8-5 to adopt Mabou's infant girl and the denial of Mabou's motion for summary judgment. Mabou contends the court erred in granting the motion because the evidence shows she surrendered her parental rights while under duress. She also claims the petition was fatally defective. We disagree and affirm.

We note that, in cases such as this, the trial court generally sits as trier of fact without a jury and its judgment "will not be set aside by this court if that judgment is supported by any evidence and is not clearly erroneous." *Lee v. Stringer*, 212 Ga. App. 401, 403 (3) (441 SE2d 861) (1994). In this case, however, the Ellers moved for summary judgment based on the evidence of record, which consisted primarily of deposition testimony, and Mabou moved for summary judgment due to alleged defects in the petition. The trial court granted the Ellers' motion for summary judgment and denied Mabou's motion. Although deciding adoption cases by summary judgment is unusual, each of the parties sought resolution by summary judgment and OCGA § 19-8-9 (b) narrowly limits the grounds for withdrawing a surrender of parental rights after the statutory ten-day period. Mabou demonstrates no harm from the summary judgment procedure and merely claims that the evidence was insufficient to support summary judgment.

Because the trial judge decided this case as a matter of law on summary judgment, we shall apply the standard of review applicable to summary judgments as opposed to the more deferential standard applicable to judgments following trial. "To prevail at summary judg-

ment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.]" *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

1. Mabou contends the trial court erred in granting the Ellers' motion for summary judgment because an issue of fact remained as to whether her surrender of parental rights was made under duress. Viewed in the light most favorable to Mabou, the record reveals the following pertinent facts:

Mabou became pregnant in February 1996, when she was 16 years old. At that time, she was living with her father. In August 1996, Mabou moved in with her boyfriend, Michael Smith, and his father, but she left in September 1996 to live with her mother in Louisiana. In October 1996, she returned to Georgia to live with the Smiths. At some point after Mabou left her father's house in August 1996, her father, who was in the military, was transferred to Tennessee.

When Mabou was six months pregnant, she was introduced to Debra Hall, a nurse, who told Mabou she knew a married couple who might be interested in adopting the child. After meeting with the Ellers, Mabou decided to allow them to adopt her child. On October 25, 1996, the Ellers, Mabou, and the father of the child signed a pre-birth agreement, pursuant to which the Ellers agreed to pay the medical expenses associated with the pregnancy, and Mabou and the father agreed to execute a termination of parental rights following the birth of the child.

On November 26, 1996, shortly after Mabou turned 17 years old, Mabou's daughter was born. The day after the child was born, Mabou signed a surrender of parental rights and final release for adoption. Mabou knew the documents pertained to the adoption. She admitted that the Ellers' lawyer did not pressure her to sign the documents, that no one threatened her, and that she signed the documents voluntarily. Mabou received copies of the documents as she signed them. The Ellers then took the child home where she has lived continuously since her birth. On December 17, 1996, the Ellers filed their petition for adoption under OCGA § 19-8-5. On January 10, 1997, Mabou, through her attorney, responded to the petition by writing a letter to the clerk of court attempting to withdraw her surrender of parental rights outside the ten-day period provided in OCGA § 19-8-9 (b).

A parent has the right to withdraw a surrender of parental rights within ten days. OCGA § 19-8-9 (b). After the ten-day period, however, a surrender may be withdrawn only upon a showing of "duress, fraud or incapacity when signing the surrender, and then, as with all contracts, the consent is invalidated and the surrender

becomes voidable." *Hicks v. Stargel,* 226 Ga. App. 639, 640 (1) (487 SE2d 428) (1997); *In the Interest of B. G. D.,* 224 Ga. App. 124 (479 SE2d 439) (1996); see also OCGA § 19-8-9 (b). Although Mabou may have been under emotional and financial pressure when she made the decision to surrender her parental rights, that pressure did not constitute legal duress. "Duress is considered as a species of fraud in which compulsion in some form takes the place of deception in accomplishing an injury. . . . Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." (Punctuation omitted.) *Tidwell v. Critz,* 248 Ga. 201, 203 (1) (282 SE2d 104) (1981). "Duress must come from without, and not from within. It must be exerted by the other person or his agent, and can not be a creation of the mind of the person claiming his will has been restrained by fear." *King v. Lewis,* 188 Ga. 594, 600 (2) (4 SE2d 464) (1939). In this case, Mabou felt "pressured." She was understandably burdened by the emotional and financial considerations inherent in giving birth and raising a child alone. However, these pressures were not unusual under the circumstances and do not amount to legal duress. The pressures were neither caused by the Ellers or others nor were they manipulated in any way to induce or coerce Mabou to surrender her parental rights. Because there was no evidence of legal duress invalidating Mabou's surrender of parental rights, the trial court properly granted the Ellers' motion for summary judgment. *Lau's Corp. v. Haskins,* supra.

We note that Mabou was 17 years old when she signed the surrender of parental rights form and when her child was born. However, Mabou's minority was not raised or argued below or on appeal and therefore it will not be addressed on appeal (see OCGA §§ 39-1-1; 1-2-8; 13-3-20; 44-5-41 and *In the Interest of B. G. D.,* supra at 128-129). E.g., *Taylor v. State,* 186 Ga. App. 113 (366 SE2d 422) (1988). Nothing herein is intended to imply any position by the court on this issue.

2. Mabou also argued the motion for summary judgment should have been denied because the petition was fatally defective.

(a) We have reviewed the petition and find that any defects regarding the name, age, marital status, and residence of the petitioners, the affidavit of the adoptive parents' legal representative, as well as information pertaining to the circumstances of the adoption, were timely cured by amendment. See *Owens v. Worley,* 163 Ga. App. 488, 490 (3) (295 SE2d 199) (1982).

(b) The surrender of parental rights signed by Mabou and attached to the petition substantially conformed with the standard form set out in OCGA § 19-8-26 (c). Although Mabou's form did not

contain those paragraphs pertaining to surrender of parental rights to the Department of Human Resources in the event a petition for adoption was not filed within 60 days, that language was inapplicable under the circumstances of this case and thus mere surplusage. *Lee v. Stringer*, 212 Ga. App. 401, 402 (1) (441 SE2d 861) (1994).

(c) OCGA § 19-8-13 (a) (3) (C) provides that a petition for adoption under these circumstances shall include a mother's affidavit as provided in OCGA § 19-8-5 (g) and meeting the requirements of § 19-8-26 (h). Although the petition states that the mother's affidavit was attached as an exhibit, that affidavit did not substantially conform to the affidavit set forth in OCGA § 19-8-26 (h). As a general rule, the failure to attach or explain the absence of a statutorily mandated document when the petition is filed requires reversal because the "adoption statutes should be strictly construed and meticulously followed." (Punctuation omitted.) *Spires v. Tarleton*, 225 Ga. App. 117, 118 (1) (483 SE2d 337) (1997).

However, this rule has exceptions. We have held that an adoption will not be set aside because of technical flaws in the petition under certain circumstances. Id. at 118 (1). For example, if, under the particular facts of the case, the missing document or portion thereof is shown to be immaterial, we will not upset an otherwise valid surrender of parental rights and adoption. Id.; *Lee v. Stringer*, supra at 401-402 (1).

"[T]he purpose of the mother's affidavit, as stated on the form itself, is to gather information to be used by the agency in notifying and determining the rights of the father. It does not purport to protect or otherwise affect the rights of the mother." (Emphasis omitted.) *Families First v. Gooden*, 211 Ga. App. 272, 274 (2) (439 SE2d 34) (1993). In this case, the father's identity was known. Paternity was never disputed. The father voluntarily participated in the adoption proceeding, received proper notice of the petition, and signed a surrender of parental rights form which was attached as an exhibit to the petition. Under the facts of this case, the mother's affidavit was immaterial and any defect in the petition due to its absence was harmless. *Lee v. Stringer*, supra at 401-402 (1).

(d) OCGA § 19-8-13 (c) provides that in a proceeding for an adoption under OCGA § 19-8-5, the petitioner shall file with the petition "in a manner acceptable to the court" a full accounting of financial disbursements made in connection with the adoption. The petitioners made the required disclosure in an affidavit attached to the petition. Further, the petitioners submitted a detailed disbursement affidavit which was incorporated into the petition by amendment. The trial court concluded these sources were sufficient to enable it to find that no improper financial transaction associated with the adoption occurred. We find no error. *Owens v. Worley*, supra at 490 (3).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

Decided May 22, 1998 — 

*Pamela Richards-Greenway*, for appellant.
*James E. Cornwell, Jr., Solicitor*, for appellees.