62882. CURTIS v. JONES et al.

McMURRAY, Presiding Judge.
This is an adoption case. The stepfather of a minor child, married to the child's natural mother and former wife of the appellant herein, brought the petition seeking to adopt the child, stating that the natural mother had consented to his adoption in accordance with Code Ann. § 74-403 (a) (3) (Ga. L. 1977, pp. 201, 203).

The petition also alleges that the natural father of the child under Code Ann. § 74-405 (b) (Ga. L. 1977, pp. 201, 211; 1979, pp. 1182, 1187), had surrendered or terminated his parental rights, and therefore, there was no requirement as a prerequisite that he voluntarily in writing surrender his rights, that is, since he had "failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree."

The natural father was served with the petition and responded, filing objections to the adoption, and, in general, denying the claims of the petition and, among other things, that there has been no loss of his parental rights, no abandonment of his sole minor daughter, or that he had failed to voluntarily support her and had not voluntarily failed significantly for a period of one year or longer immediately prior to the filing of this petition to communicate or make a bona fide attempt to communicate with his daughter. His prayer was that the petition for adoption be dismissed and the adoption be denied.

After a hearing, the trial court made findings of fact with reference to the marriage and divorce of the mother and natural father of the minor child and that the natural father was required to pay $32 per week as child support by final decree commencing July 1, 1978, and prior thereto a like amount from May 9, 1978, by interlocutory hearing. The court then found that he had made child support payments prior to the final decree, but subsequent to the divorce he had made no further child support payments, although there had been a payment by the paternal grandmother in December 1979 which was returned by the mother with a note expressing thanks for the check but with a comment that she no longer needed the paternal grandmother's assistance. The court found no other payments made by the father other than a gift of $1 to the child during a visitation period in December 1978. The court also found the father had been incarcerated sometime during December 1979 for several counts of uttering bad checks and thereafter underwent a period of time in a restitution center from June 3, 1979, until August 1979. The court further found the father's probation sentence, including his term in the restitution center, was revoked during the month of August 1979 and he was thereafter incarcerated in the state prison system until July 22, 1980. The court found that during this period (January 1979 to July 1980) the father had earned "from time to time . . . sufficient money to contribute some payment toward . . . child support." The court also found that he had visited with the daughter sporadically until December 1978, and upon his release

from prison in July 1980, he had made a telephone call to his ex-wife (the mother of the child) and was informed that she would not allow him any further visitation with the child. The court also found from the investigation of the home of the petitioner approval of same as one satisfactory for the rearing of the minor child. The trial court's conclusions of law were that the natural father had completely failed to support his minor child for a period in excess of one year prior to the filing of the petition for adoption; failed to support his child since the divorce and had "certainly failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption to provide for the care and support" of the minor child, citing *Chandler v. Cochran,* 247 Ga. 184 (275 SE2d 23). The court was of the opinion that parents are not relieved of natural and statutory child support obligations because they have voluntarily committed offenses resulting in their imprisonment and possible inability to earn funds with which to support their child. The trial court refused to construe the message to the paternal grandmother that the mother no longer needed financial assistance from her "as a waiver of child support applicable to" the natural father. The court then found that it was within the best interest of the child to allow her adoption, and the adoption request was granted. The natural father appeals. *Held:*

1. The evidence here was sufficient to show surrender or termination of parental rights in that the natural father "failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree," and that it was within the best interest of the child to allow the adoption. Under the authority of *Chandler v. Cochran,* 247 Ga. 184, 187 (6), supra, "no person can object to the natural consequences of his own act voluntarily performed. It would emasculate our child-support laws to relieve parents of their natural and statutory child-support obligations because they have voluntarily committed offenses. resulting in their imprisonment and possible inability to earn funds with which to support their children." Consequently, the natural father cannot hide behind the fact that he was incarcerated during the period January 1979 until July 22, 1980. There is no merit in the enumerations of error that the trial court erred in finding that the natural father had not consented (by law) to the adoption of the minor child and in finding that his consent was unnecessary where the court found as a matter of law that for a period of one year or longer prior to the filing of the petition for adoption he had failed to provide for the care and support of the minor child.

2. The natural father contends that there was no finding of fact

that his failure to support or communicate was *"without justifiable cause."* In *Chandler v. Cochran,* 247 Ga. 184, supra, the Supreme Court noted at pages 186-187 (5), that these alleged words no longer appear in the statute and that applying the statute with particular reference to the language, "failed significantly," the adoption was properly granted, as the father therein had furnished little or no child support within the one-year period, the findings of the trial court being discretionary in regard thereto. As the language "without justifiable cause" is no longer in the statute it is not necessary that the trial court make such finding.

Having considered each of the enumerations of error complained of here and finding no merit, we must affirm the trial court in granting the adoption.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 18, 1982.

*E. Herman Warnock,* for appellant.
*H. Frederick Mullis, Jr.,* for appellees.