A89A0767. THORNE v. PADGETT.
(383 SE2d 160)

DEEN, Presiding Judge.

In August of 1983 appellant Thorne and his then wife Dana Lynette Thorne (now the wife of appellee David Padgett, Jr.), were divorced, and by mutual agreement Thorne received custody of their minor child, Jesse. In August 1984 the DeKalb County Juvenile Court removed custody from the father following a deprivation hearing occasioned by the father's being arrested for DUI while the child was with him. In November of that year the DeKalb Superior Court awarded custody to the mother, Mrs. Padgett, the order stating that child support would be determined after the father's release from prison.

In July 1987 appellee petitioned to adopt the child pursuant to OCGA § 19-8-6 (b), and Thorne, currently serving a term for armed

robbery, received the required statutory notice. Thorne filed objections, and after a hearing the Meriwether County Superior Court held that the requirements of OCGA § 19-8-6 (b) had been met; that the surrender or termination of the natural father's rights was not required in that Thorne had failed significantly for one year or more, immediately prior to the filing of the adoption petition, to provide for the child's care and support; that appellee was "morally and financially capable" of supporting the child; and that "this court is of the opinion that the adoption is in the best interest of the child." In its order the trial court reviewed Thorne's history of alcoholism, his allegations of attempts to communicate with the child, and his contentions that the November 1984 court order relieved him of his statutory support duty, as did, *a fortiori*, the fact of his confinement. Thorne had sought to attend the hearing and then filed a petition for a writ of habeas corpus ad testificandum; this was denied, and his testimony was taken by deposition. He appeals the trial court's order granting the adoption, enumerating as error the trial court's alleged violation of his due process rights in denying the writ; the trial court's ruling that his reliance on the order reserving determination of the child support issue as an excuse for his failure to provide child support was no legal excuse and was irrelevant; and the determination that the adoption was in the best interest of the child. *Held*:

1. The appellate court is obligated to give close scrutiny to any allegation of denial of such a fundamental right as that of confronting one's adversaries in court. Review of the record shows that in the instant case, however, the testimony that appellant sought to give was not that he had indeed supported his child and therefore did not come under OCGA § 19-8-6 (b), but rather that he had "justifiable cause" for not providing support. Although Code Ann. § 74-403, the predecessor of OCGA § 19-8-6 (b), and case law interpreting this statute expressly required that the failure to support be expressly found to be "without justifiable cause," the current statute omits this language. Case law has consistently interpreted this to mean that, although the trial court in its discretion will consider any purported justification in making its determination as to the "best interest of the child," an express finding of justifiable cause *vel non* is no longer required; a simple finding of "significant failure" to support is sufficient. See, e.g., *Kirkland v. Lee*, 160 Ga. App. 446 (287 SE2d 365) (1981). See also *Curtis v. Jones*, 160 Ga. App. 904 (288 SE2d 615) (1982); *Prescott v. Judy*, 157 Ga. App. 735 (278 SE2d 493) (1981).

In *Brand v. State*, 154 Ga. App. 781 (270 SE2d 206) (1980), the court held at 784 that the writ of habeas corpus ad testificandum should issue when the person's presence "is required 'by the ends of justice' . . . 'Some *showing* of need is contemplated.'" In that case the sought-after testimony was clearly material, and the court held

denial of the writ to be error. In the instant case, by contrast, there was obviously no need for appellant to be physically present to give live testimony on an issue which prior decisions had determined to be irrelevant except as one of many factors to be considered by the court in arriving at a determination as to the best interests of the child. The testimony Thorne sought to give *viva voce* (and which he did actually give by deposition and which, according to the record, the court did take into consideration) was thus irrelevant and immaterial to the issue to be determined by the court (namely, whether the adoption was in the child's best interest). Therefore, there was no violation of due process in denying the writ. Appellant's first and second enumerations are without merit.

2. Review of the record shows that the court took into consideration the relevant considerations in making his determination of the best interests of the child, and that the proper standard was applied. We find no error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 24, 1989 —
REHEARING DENIED JUNE 6, 1989 — ▮▮▮▮▮▮

*Lillian Moy, Vicky O. Kimbrell*, for appellant.
*Bips & Bips, R. Andrew Bips*, for appellee.