## S89G0218. THORNE v. PADGETT.
### (386 SE2d 155)

GREGORY, Justice.

Johnnie Thorne is currently incarcerated in the Augusta Correctional Medical Institute, serving a fifteen-year sentence for his conviction of armed robbery. He and his former wife are the parents of a minor child. The former wife's new husband, appellee David Padgett, filed a petition to adopt the child pursuant to OCGA § 19-8-6 (b). Thorne received notice of the adoption petition, and filed objections to it.

Relying on OCGA § 19-8-6 (b), the trial court granted Padgett's petition to adopt the child, finding that Thorne had failed significantly for a period of one year prior to the filing of the adoption petition to provide support for the child. The trial court further concluded that the adoption was in the best interests of the child. It is not disputed that Thorne is without any financial resources.

OCGA § 19-8-6 (b) provides in pertinent part,

> Surrender or termination of parental rights, as provided in Code Section 19-8-3, shall not be required as a prerequisite to the filing of a petition for adoption. . .in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption. . . (2) to provide for the care and support of the child as required by law or judicial decree, where the court is of the opinion that the adoption is for the best interests of the child.

In affirming the trial court, *Thorne v. Padgett*, 191 Ga. App. 814 (383 SE2d 160) (1989), the Court of Appeals held that under OCGA § 19-8-6 (b), "a simple finding of 'significant failure' to support is sufficient." Id. at 815. As the evidence showed without dispute that Thorne had not provided financial support for his son in the year before the adoption petition was filed, the Court of Appeals held the trial court did not err in granting Padgett's petition for adoption.

The evidence before the trial court showed that during his imprisonment, Thorne has continuously attempted to communicate with his son, sending him letters and handmade birthday cards. The evidence showed that many of these letters were returned to Thorne or destroyed by his former wife before the child could see them. There was no evidence before the trial court that Thorne intended to abandon the child.

The predecessor to OCGA § 19-8-6 (b), former Code Ann. § 74-405, Ga. Laws 1977, pp. 201, 211, provided that termination of parental rights was not a prerequisite to adoption where it was found that a

parent had failed significantly "without justifiable cause" to provide support for a period of one year prior to the filing of the adoption petition. In 1979 the legislature amended the statute and omitted the language "without justifiable cause." Ga. Laws 1979, pp. 1182, 1187. The Court of Appeals has recognized the harshness of the statute, but has concluded that once a trial court finds that the parent has failed to support the child for a year, and also finds the adoption would be in the best interests of the child, the trial court may grant the petition for adoption without determining the reasons for the parent's failure to provide support. *Curtis v. Jones*, 160 Ga. App. 904 (288 SE2d 615) (1982). Compare *Kirkland v. Lee*, 160 Ga. App. 446 (287 SE2d 365) (1981). The granting of the adoption petition, of course, terminates the parental rights of the parent who has failed to support the child.

It is undisputed that the due process clause of the Fourteenth Amendment requires that before a state may sever the rights of a parent in his natural child, the state must support its allegations of the parent's unfitness "by at least clear and convincing evidence." *Santosky v. Kramer*, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982). Only under compelling circumstances may the state sever the parent-child relationship. *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982). We have held that even an unwed father who demonstrates a commitment to parenthood by participating in the life of his child "acquires substantial protection under the Due Process Clause" of his parental rights. *In re Baby Girl Eason*, 257 Ga. 292, 295 (358 SE2d 459) (1987). Yet, OCGA § 19-8-6 (b) permits a court to effectively sever the rights of a natural parent in his child where the trial court concludes that the natural parent has failed to provide financial support in the year preceding the filing of the adoption petition, and the adoption is in the "best interests" of the child without giving that parent an opportunity to explain why he has failed to provide support. The statute permits the trial court to sever the parent's right in his child even in the face of overwhelming evidence that the parent had justifiable cause for not supporting the child. In this regard OCGA § 19-8-6 (b) circumvents the constitutional requirement that a natural parent's rights in his child may not be terminated absent a showing, by clear and convincing evidence, of his unfitness.

OCGA § 19-8-6 (b) may be used to terminate the rights of *any* parent who fails to provide support, regardless of the reason. The statute does not distinguish between those cases where the failure to provide care and support is wilful, and those cases where the parent wishes to provide care and support for his child, but lacks the financial resources or ability to do so. Because OCGA § 19-8-6 (b) forecloses an inquiry into the reasons for a parent's failure to provide care

and support, thus depriving that parent of a meaningful opportunity to be heard, it denies due process of law.

*Chandler v. Cochran,* 247 Ga. 184 (6) (275 SE2d 23) (1981), relied on by the trial court, is distinguishable in that the constitutional attack presented by this case was not squarely before the court in *Chandler.* In fact, the opinion in *Chandler* indicates that there was a question as to whether the appellant in that case was attacking OCGA § 19-8-6 (a) or § 19-8-6 (b).

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent.*

WELTNER, Justice, dissenting.
1. The majority holds:

Because OCGA § 19-8-6 (b) forecloses an inquiry into the reasons for a parent's failure to provide care and support, thus depriving that parent of a meaningful opportunity to be heard, it denies due process of law. [Opinion, pp. 651-2.]

I suggest respectfully that a careful examination of the facts cannot support that holding.[1]

2. There is no doubt as to any of the material facts in this case. They are:

(a) Custody of the minor child was removed from Thorne and placed in the child's mother by order of the Juvenile Court of DeKalb County in 1984.

(b) During that same year, Thorne was convicted of armed robbery and sentenced to a term of imprisonment of fifteen years, and he remains in prison in Richmond County today.

(c) Thorne has provided no significant support for his child for a period of more than five years.

3. As to procedure, Thorne sought a writ *ad testificandum* in order to make a personal appearance before the trial court. The writ was denied, and his testimony was taken by deposition. That testimony was available to the trial court.

4. It should be apparent that:

(a) Thorne's "reasons for failure to provide care and support"

---

[1] The majority recognizes that the statute has been amended to remove the former requirement that the trial court examine whether the failure to support was "without justifiable cause." It recognizes also that our earlier holding in *Chandler v. Cochran,* 247 Ga. 184 (6) (275 SE2d 23) (1981), would as a matter of *statutory* interpretation demand the opposite result from that reached by the majority. We held there, regarding another natural parent who had been sentenced to a lengthy period of confinement on felony charges: "It is well settled that no person can object to the natural consequences of his own act voluntarily performed." Hence, a constitutional invalidation would provide the only alternative to the trial court's rulings and the Court of Appeals' affirmance.

were placed fully before the court by means of his own testimony, which was not in conflict in any material aspect with the other evidence of the case; and

(b) Thorne was not deprived of a "meaningful opportunity to be heard," because he was heard by deposition;

(c) If Thorne has been deprived of anything, it is nothing more than a personal appearance before the trial court. It is exceedingly difficult to understand how that might have been of any value to him. The factual circumstances would have been no different; Thorne would have said before the court in person exactly what he said to the court by way of deposition; the court would have found that he had failed to provide significant support for more than a year because he was in prison; the court would have been bound to find, under our holding in *Chandler v. Cochran*, supra, that there was *no* justification for his failure; the court would have been obligated to act in the best interest of the child; and the court would have approved the adoption.

5. What happens now?

*Upon the publication of this opinion, it appears that stepparents and relatives seeking to adopt children with a living parent who has failed to provide support may no longer do so.*

6. This is because OCGA § 19-8-3 (a) provides the exclusive means of adopting a child with a living parent or guardian — except as otherwise specified in OCGA § 19-8-6. "Except as otherwise specified in Code Section 19-8-6, no adoption of a child who has a living parent(s) or guardian(s) of his person shall be permitted except where . . . ."

(a) OCGA § 19-8-6 (a) permits adoptions without surrender or termination of parental rights:

where (1) a child has been abandoned by a parent, or (2) the parent of a child cannot be found after a diligent search has been made, or (3) the parent is insane or otherwise incapacitated from surrendering such rights, where the court is of the opinion that the adoption is for the best interests of the child.

(b) OCGA § 19-8-3 (a) (1), (3), (4) and (5) permit adoptions when the parent or guardian has surrendered rights voluntarily.

(c) OCGA § 19-8-3 (a) (2) permits adoptions when

[t]he parent(s) or guardian(s) of the child has had his rights terminated by order of the court of competent jurisdiction the child has been committed by the court to the Department of Human Resources or to a licensed child-placing

agency for placement for adoption, and the department or agency thereafter consents to the adoption.

(d) OCGA § 19-8-3 (a) (6) permits adoptions when "The child has been placed for adoption by a juvenile court or other court of competent jurisdiction, which court has terminated the parental rights of the parents."

7. Because the majority has stricken OCGA § 19-8-6 (b), there now is *no* means by which stepparents and relatives who seek to adopt a child with a living parent who has failed to support that child may do so.

That is lamentable.

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED DECEMBER 5, 1989.

*Paul E. Kauffmann, Phyllis J. Holmen, Vicky O. Kimbrell, John L. Cromartie, Jr.,* for appellant.
*Bips & Bips, R. Andrew Bips,* for appellee.