A89A1817. IN THE INTEREST OF B. J. H., a child.

(390 SE2d 427)

BEASLEY, Judge.

H. D. H., age 24, appeals from an order terminating her parental rights to her minor son, B. J. H., two years old in January 1990. She contends that the juvenile court committed reversible error by: 1) granting the termination when the State (actually the Department of Human Resources) failed to prove by clear and convincing evidence that the cause of the child's deprivation was likely to continue; 2) abusing its discretion in ordering the termination of parental rights; 3) overruling a motion to continue the hearing and to examine the psychologist who prepared reports previously stipulated into the record.

1. The statutory criteria for the termination of parental rights is the two-step procedure of OCGA § 15-11-81 (a). First the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second the court considers whether termination is in the best interest of the child. *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (3) (370 SE2d 490) (1988). Parental misconduct is determined by finding: 1) the child is deprived; 2) lack of proper parental care or control is the cause of the deprivation; 3) such deprivation is likely to continue or will not be remedied; 4) continued deprivation is likely to cause serious physical, mental, emotional or moral harm to the child. OCGA § 15-11-81 (b) (4) (A). Among the factors which may be considered with regard to a child lacking proper parental care or control are: medically verifiable deficiency of the parent's mental or emotional health of such duration or nature as to render the parent unable to provide adequately for the child's needs; conviction of a felony and imprisonment which has a demonstrable negative effect on the quality of the parent-child relation; physical, mental or emotional neglect of the child. OCGA § 15-11-81 (b) (4) (B). Another consideration is whether the parent without justifiable cause failed significantly for a period of one year or longer to comply with a court ordered plan designed to reunite the child with the parent. OCGA § 15-11-81 (b) (4) (C) (iii).

The standard of appellate review where a parent's rights to his child have been severed is " 'whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.' " *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982).

The trial court made very detailed and comprehensive findings regarding the criteria. It specifically found that the causes of deprivation were likely to continue based on the mother's mental and emotional deficiencies, which rendered her incapable to provide for the

child's needs. H. D. H. was unmarried and the putative father's whereabouts were unknown. She was mentally retarded and functionally illiterate, having a full scale I. Q. of 60 and a reading level of a third grader. There was testimony demonstrating that she was incapable of caring for her young child and the trial court so found. She was unable to perform parenting skills such as recognizing a medical emergency, measuring formula, or giving medical dosages over a particular time span. She failed to attend parenting classes or follow recommended plans for improving her ability to care for her child.

H. D. H. had revealed an incapacity to curb her volatile temper which manifested itself in violent ways. She had threatened to kill her child and to commit suicide. She had attempted suicide and had been hospitalized at Georgia Mental Health Institute. H. D. H. was convicted and is presently serving sentences for cruelty to her son during the first month of his life and for aggravated assault of another minor child, her nephew. Because her mental condition was irreversible and because of the negative prognosis of improvement in her ability to curb her temper or to carry out parental functions, the trial court's finding that the deprivation would continue and would cause harm to the child was authorized by the evidence. See *In the Interest of R. L. H.*, 188 Ga. App. 596 (373 SE2d 666) (1988); *In the Interest of R. E. C.*, 187 Ga. App. 35, 38 (369 SE2d 323) (1988); *In the Interest of J. L. Y.*, 184 Ga. App. 254, 256 (361 SE2d 246) (1987); *In the Interest of D. S.*, 176 Ga. App. 482, 483 (1) (336 SE2d 358) (1985). The standards of *Blackburn*, supra, were met.

2. The primary argument advanced in support of the mother's contention that the trial court abused its discretion in severing her parental rights was that the trial court manifested a prejudice towards the mother because of her mental retardation. This was predicated on certain remarks by the trial court regarding the capacity of a mentally retarded mother to care for her child and to carry out parental responsibilities as the child developed. In context, we interpret these to be expressions of concern as to the mother's abilities rather than a biased approach towards her. A mental disability that renders a parent incapable of caring for the child is a valid legal basis for termination. *In the Interest of J. C.*, 242 Ga. 737, 738 (1) (251 SE2d 299) (1978); *In re S. R. J.*, 176 Ga. App. 685, 686 (337 SE2d 444) (1985); *In the Interest of T. R. G.*, 162 Ga. App. 177 (290 SE2d 523) (1982). H. D. H.'s lack of capacity resulting from her mental condition was properly considered by the trial court and its comments did not demonstrate an abuse of discretion.

3. Error is asserted on the failure to grant a continuance in order to subpoena a clinical psychologist who examined H. D. H. and the admissibility of whose report the parties, by stipulation, had agreed. Insofar as the record reveals, H. D. H. had ample opportunity to de-

pose the psychologist or to insure that she was called as a witness at the hearing. Waiting until the proceedings were underway constituted dilatory action. It was not an abuse of discretion to deny the request for continuance. OCGA §§ 9-10-166 and 167; *Stanley v. Amos*, 79 Ga. App. 297, 300 (53 SE2d 568) (1949).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 22, 1990.

*Ronald C. Conner*, for appellant.

*Barksdale, Barksdale & Irwin, David B. Irwin, Strauss & Walker, C. Michael Walker, Rebecca P. Dally, Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General*, for appellee.