## A89A1387. MOORE v. BUTLER.
(392 SE2d 285)

Deen, Presiding Judge.

The facts of this appeal from an adoption proceeding are fully delineated in this court's previous opinion, *Moore v. Butler*, 192 Ga. App. 882 (386 SE2d 678) (1989), and will not be repeated here. In that opinion, this court affirmed the trial court's determination that the incarcerated father did not provide for the care and support of the child for over a year prior to the filing of the adoption petition and that it was in the best interests of the child to be adopted, pursuant to OCGA § 19-8-6 (b). By order dated January 19, 1990, however, the Supreme Court remanded this case for reconsideration in light of its recent decision in *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155) (1989).

In *Thorne v. Padgett*, the Supreme Court held that OCGA § 19-8-6 (b) "permits the trial court to sever the parent's right in his child even in the face of overwhelming evidence that the parent had justifiable cause for not supporting the child. In this regard OCGA § 19-8-6 (b) circumvents the constitutional requirement that a natural parent's rights in his child may not be terminated absent a showing, by clear and convincing evidence, of his unfitness. . . . Because OCGA § 19-8-6 (b) forecloses an inquiry into the reasons for a parent's failure to provide care and support, thus depriving that parent of a meaningful opportunity to be heard, it denies due process."

In view of the Supreme Court's invalidation of OCGA § 19-8-6 (b), the trial court's grant of the adoption petition in the instant case

pursuant to that statutory provision must now be reversed.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED· MARCH 8, 1990.

*Gary M. Newberry*, for appellant.
*Leonard A. Baldwin*, for appellee.