A90A1279, A90A1357. SANCHEZ v. PACELLA.
(397 SE2d 42)

BEASLEY, Judge.

Pacella sought to adopt the son of his wife and appellant Sanchez in 1988. The facts are set forth in *Pacella v. Sanchez*, 191 Ga. App. 611 (382 SE2d 371) (1989), and need not be repeated here. The judgment was reversed and the case remanded with direction that the trial court utilize the "proper legal theory" (the legal duty to support one's child as a parent under OCGA § 19-7-2) in order to "review this case and decide whether the support provided the child by [Sanchez], labeled 'not sufficient' by the trial court in its order, is tantamount to [his] having 'failed significantly' to provide for the care and support of the child. Should the trial court conclude that [Sanchez] did fail significantly to provide for the child's care and support, *then* the trial court must determine whether, despite [Sanchez'] financial shortcomings, adoption is in the best interests of the child." Id. at 613.

After remand a hearing was held. Sanchez argued that while there might be a "technical defect" in the order in that the trial judge had failed to use the "magic language," the ruling was correct and should be reinstated. Pacella asserted that if the trial court found that Sanchez had failed significantly for a period of twelve months prior to the filing of the petition to support that child, it could hold that he had no standing to object to the adoption; then the only burden on Pacella would be to show that he was a fit and proper person and that it would be in the best interests of the child to grant the adoption. In response, the trial court stated: "Of course they've al-

ready reversed me on it because I didn't go ahead and grant the adoption. So there's nothing I can do but grant the adoption." The trial court ruled that Sanchez had failed significantly for a period of a year to support the child and thus had no standing to object to the adoption. The decree of adoption was entered.

The ruling of the trial court on remand was clearly premised upon the provisions of OCGA § 19-8-6 (b), which the Supreme Court declared on December 5, 1989 to be unconstitutional. *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155) (1989). "In view of the Supreme Court's invalidation of OCGA § 19-8-6 (b), the trial court's grant of the adoption petition in the instant case pursuant to that statutory provision must now be reversed." *Moore v. Butler*, 195 Ga. App. 1, 2 (392 SE2d 285) (1990).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Martha C. Christian*, for appellant.
*Bennett, Wisenbaker, Bennett & Williams, Michael T. Bennett*, for appellee.