A94A0889. JONES v. SAULS.

(443 SE2d 693)

BIRDSONG, Presiding Judge.

Denny Thomas Jones has filed a direct appeal of the order of the superior court denying his petition of adoption.

Appellant is married to Vanessa Lynn Jones, the biological and legal mother of the child whom appellant seeks to adopt. Appellee, Andrew Hamilton Sauls, is the biological father of the child; he was divorced from Vanessa Jones in February 1982. Appellee has refused to surrender his parental rights voluntarily and has challenged the adoption proceeding. Appellant and Mrs. Jones were married in June 1984; the child has continuously resided with his mother and appellant since that time. The child was born in June 1980, and was 13 years old at the time of the hearing on the adoption petition. The child testified that he was close to appellant and wanted the court "to allow the adoption to take place."

Vanessa Jones was awarded custody of her son in the 1982 divorce proceeding; by superior court order, entered in February 1982, and modified in April 1988, appellee was ordered to pay monthly child support. Since 1989, appellee has been incarcerated following his conviction, pursuant to a guilty plea of burglary, kidnapping, simple battery, obstructing law enforcement, and aggravated assault with intent to rape. Prior to his incarceration, appellee was already $3,850.90 in arrears in child support payments, an arrearage in excess of a year. At the time appellee was incarcerated, he owned a 1979 Toyota; he elected to transfer the title of this car to his mother, rather than selling the car and using the proceeds toward payment of a portion of his child support arrearage. By October 1993, the time of hearing of the adoption petition, appellee's child support arrearage had increased to $14,800. However, after appellee's mother filed a petition to obtain grandparent's visitation rights (which was denied), she made 12 child support payments in the amount of $20 per month on appellee's behalf. In July 1993, appellee received a $117 refund from the state Employees' Retirement System which he applied toward his child support obligation. Also, using money provided by his mother, appellee made child support payments in the amount of

$23.75 for the one-year period preceding the date the adoption petition was filed; since the filing of petition, appellee, again using money provided by his mother, has made monthly child support payments of $41. Appellee has had no income while in prison, except for money sent to him by his mother. Appellee has made frequent attempts to communicate with his son and to maintain a close father/son relationship, including the sending of weekly letters (only two of which were delivered to the child; appellant and his wife testified they had retained all letters, but did not give them to the child because the letters upset him). Appellee does not anticipate parole until June 1996.

In denying the adoption petition, the trial court found that, although appellee had significantly failed to provide for the care and support of his child, his incarceration prevented such failure being without justifiable cause. *Held*:

1. OCGA § 19-8-10 (b) pertinently provides that: "Surrender of rights of a parent pursuant to subsection (a) of Code Section 19-8-6 or 19-8-7 shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent pursuant to Code Section 19-8-13, if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed: (1) To communicate or to make a bona fide attempt to communicate with that child; *or* (2) To provide for the care and support of that child as required by law or judicial decree." (Emphasis supplied.)

As there appears sufficient evidence in the record to support a finding that appellee had not significantly failed, for a period of one year or longer immediately prior to the filing of the adoption petition, to communicate or make a bona fide attempt thereat with his child, the ultimate question remains whether the trial court erred either in its application of law or fact in determining whether appellee significantly failed, without justifiable cause, to provide for the care and support of his child as required by law or judicial decree.

2. "In construing a legislative act, a court must first look to the literal meaning of the act. [Cit.] If the language is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry." *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227). Statutory construction "must square with common sense and sound reasoning." *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (418 SE2d 367).

OCGA § 19-8-10 (b) on its face requires that a substantial failure of either of the requirements listed in subsections (1) and (2) thereof must be "without justifiable cause." It is not enough that a substantial failure be shown to have existed for the requisite statutory period; unless it can also be shown that such failure was without justifiable cause, surrender of parental rights under OCGA § 19-8-6 (a) or § 19-

8-7 (a) would still be required. Moreover, strictly construing the current provisions of OCGA § 19-8-10 (b) (*Johnson v. Eidson*, 235 Ga. 820, 821 (221 SE2d 813)), if justifiable cause is found to exist, the issue of best interest of the child need not be determined. To the extent any precedent, resulting from prior cases "decided during the ten-year period from 1979 to 1989," implies no showing is required that the failure under OCGA § 19-8-10 (b) was "without justifiable excuse," such cases are distinguishable and are not controlling in this case. Appellant's first enumeration, as crafted, is without merit. OCGA § 19-8-6 (b); see also *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155).

3. (a) Notwithstanding evidence by way of the child's mother's deposition of appellee's past physical and mental abuse of the child, like the trial court we are not here called upon to adjudicate the sufficiency of the evidence to support a termination of appellee's parental rights. Compare *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344), citing *In the Interest of S. K. L.*, 199 Ga. App. 731 (1) (405 SE2d 903) and cases therein cited. At issue is whether, pursuant to OCGA § 19-8-6 (c), surrender or termination of parental rights is a prerequisite to the filing of appellant's adoption petition.

(b) The trial court concluded that appellee "has significantly failed to provide for the care and support of his son." Evidence of record supports this finding. The trial court thereafter concluded that such failure "has not been without justifiable cause." If applicable statutes operated to permit a trial court to sever a parent's right in his child even in the face of the requisite degree of evidence that the parent had justifiable cause for not supporting the child, it would circumvent "the constitutional requirement that a natural parent's rights in his child may not be terminated absent a showing, by clear and convincing evidence, of [parental] unfitness." *Thorne v. Padgett*, supra at 651.

In this case, the trial court elected to cast the issue of justifiable cause, in light of the holding in *Thorne v. Padgett*, supra, as follows: "whether incarceration is a 'justifiable cause' for failing to communicate with or provide support for the child." At the outset, we find *Moore v. Butler*, 195 Ga. App. 1 (392 SE2d 285), which involves an interpretation of the then existing provisions of OCGA § 19-8-6 (b), to be distinguishable and not controlling as to the disposition of appellant's second enumeration of error.

Appellant's second enumeration is as follows: "The evidence does not support the trial court's finding that because of the appellee's imprisonment and resultant inability to produce income, his failure to support his child was not without justifiable cause." We find that the evidence is sufficient in the requisite degree to support the trial court's findings either under an abuse of discretion test or under the

standard of review set forth in *In the Interest of J. A. B.*, 189 Ga. App. 79 (374 SE2d 839). Accordingly, appellant's second enumeration, as crafted, is without merit.

(c) Appellant, however, in essence argues the trial court erred by concluding that incarceration per se creates "justifiable cause."

"Adoption laws are to be strictly construed in favor of natural parents, for the application thereof results in the severance forever of the paternal relation." *Griffith v. Brooks*, 193 Ga. App. 762, 766 (389 SE2d 246). For purposes of determining the existence of "justifiable cause," within the meaning of OCGA § 19-8-10 (b), incarceration is merely one relevant factor to be considered by the trial court; incarceration does not per se give rise to justifiable cause, although in certain circumstances, justifiable cause can be shown to arise therefrom. Each case must be decided on its own circumstances. Further, the incarceration issue here is not the same as that posed by incarceration in aggravated circumstances for purposes of termination of parental rights. See generally *In the Interest of S. H.*, 204 Ga. App. 135 (2) (418 SE2d 454); *In the Interest of L. F.*, supra; *In the Interest of S. K. L.*, supra.

We decline to address whether the trial court erred *allegedly* by concluding that incarceration per se constituted justifiable cause under OCGA § 19-8-10 (b), as that issue was not reasonably contained within appellant's enumerations of error. *Krebsbach v. State*, 209 Ga. App. 474 (433 SE2d 649). "An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." (Punctuation omitted.) *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (1) (390 SE2d 269).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 22, 1994.

*Katherine M. Kalish*, for appellant.

*Westmoreland, Patterson & Moseley, Bradley G. Pyles, Roxanne M. Wood*, for appellee.