A94A2776. GRIFFITH et al. v. BROOKS.
(454 SE2d 602)

ANDREWS, Judge.
Griffith, the biological father of T. S. G., appeals from the order granting Brooks' adoption petition, thereby terminating his parental rights, after the retrial required by *Griffith v. Brooks*, 193 Ga. App.

762 (389 SE2d 246) (1989).[1] Griffith was present at the second trial and testified. The facts as set out in *Griffith*, supra, except for those attested to by the paternal grandparents who did not testify in the current case, are supported in the record before us and will be supplemented only as necessary for this opinion.

T. S. G. was born on January 13, 1985. The mother and Griffith, married at the time, lived together only four-and-one-half months before she left him. On July 1, 1985, the mother married Brooks and T. S. G. has lived with them ever since and been voluntarily supported by Brooks. T. S. G. is now ten years old. Griffith was incarcerated on January 26, 1987 and last paid support in December 1986 with a check which bounced. At the time of his incarceration, Griffith was $1,150 in arrears on court-ordered child support of $50 per month. He had been employed, making $14,000 to $15,000 per year, before being incarcerated. Griffith was again directed, by a subsequent separate order, to pay $50 per month child support beginning March 13, 1987. No payments have been made. Griffith testified that "I don't have no means of support while I'm in. I sent support until I got incarcerated."[2] The record supports the trial court's conclusion that, in fact, when he was imprisoned, Griffith was at least six months behind on his support obligations.

1. Following *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155) (1989),[3] the legislature enacted current OCGA § 19-8-10 which provides in subsection (a) that surrender of parental rights is not required for adoption where a child has been abandoned, the parent cannot be found, or the parent is insane or otherwise incapacitated. Subsection (b) reinserted the "without justifiable cause" requirement and now provides that surrender is unnecessary "if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed: (1) To communicate or to make a bona fide attempt to communicate with that child; or (2) To provide for the care and support of

---

[1] There, this court reversed the trial court's conclusion that Griffith had *abandoned* the child as then set out in former OCGA § 19-8-6 (a) and concluded that Griffith had the right to be present for the retrial. This court also noted that the then trial judge refused to find appellant had failed to support his child as it would have been required to find under former § 19-8-6 (b) (2); and refused to find the failure to communicate or make bona fide attempts to communicate as described by former § 19-8-6 (b) (1). Another judge tried the case on remand.

[2] Griffith's parents, who have grandparent visitation rights, did pay $200 toward T. S. G.'s support in December 1987.

[3] In that case, the Supreme Court found the 1979 amendment to then OCGA § 19-8-6 (b), which had removed the requirement that failure to support be "without justifiable cause," unconstitutional because it foreclosed the opportunity for a parent to explain the failure, thereby denying due process of law, i.e., a meaningful opportunity to be heard. *Thorne*, supra at 652.

that child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interests of that child."

The trial court found that the father had failed to provide any child support for over seven years and that "[t]he biological father has not presented the Court with any act(s) sufficient to establish a familial bond between himself and his child. The father has had a period of seven years to establish a familial bond with his child and has failed to do so." Griffith testified that, since his incarceration, his only contact with his son has been a telephone call every other week during the child's visits with his paternal grandparents. Griffith had never requested the mother and Brooks to accept his calls from prison so he could contact his son at other times, nor had he sent any written communications to his son during the prior seven years. The court further concluded that the failure to support the child was without justifiable cause under OCGA § 19-8-10 (b) (2), finding the proffer of imprisonment as the sole explanation for failure to provide support unavailing, stating that "imprisonment does not relieve him of his child support obligation as he has voluntarily committed the criminal offenses [rape and aggravated sodomy] and voluntarily entered the guilty pleas thereon which resulted in his incarcerations. These acts are voluntary within the scope of *Curtis v. Jones*, 160 Ga. App. 904 (288 SE2d 615) (1982)."

Griffith relies on *Jones v. Sauls*, 213 Ga. App. 55 (443 SE2d 693) (1994), for his argument that imprisonment is, in and of itself, a "justifiable cause" under the statute and his argument that the court's reliance on *Curtis* was improper.

Both *Curtis* and *Chandler v. Cochran*, 247 Ga. 184 (275 SE2d 23) (1981), cited in *Curtis*, supra at 906 (1), were decided during the period when the "without justifiable cause" requirement had been removed from the statute. In *Chandler*, the biological father was incarcerated and contended that the statute, then Ga. Code Ann. § 74-405, unconstitutionally discriminated against incarcerated persons. In rejecting that claim, the Supreme Court stated that "[i]t is well settled that no person can object to the natural consequences of his own act voluntarily performed. It would emasculate our child-support laws to relieve parents of their natural and statutory child-support obligations because they have voluntarily committed offenses resulting in their imprisonment and possible inability to earn funds with which to support their children." *Chandler*, supra at 187 (6). *Curtis* involved another incarcerated father and also affirmed the court's conclusion that his incarceration did not excuse his lack of support of his child.

Both *Curtis* and *Chandler* are cited by the *Thorne* opinion, but neither is expressly overruled regarding the above quoted language. *Chandler* is distinguished because "the constitutional attack presented by this case was not squarely before the court. . . ."

*Thorne,* supra at 652.

In *Jones,* supra, the trial court concluded that the incarcerated father's failure to pay support was with justifiable cause. There, however, with money supplied by his mother for the year prior to the filing of the petition to adopt, Jones had made monthly payments toward his substantial child support arrearage. He had also applied to his arrearage a refund which he had received from his retirement plan. He made frequent attempts to contact his son and maintain a close father-son relationship, including sending weekly letters to the child. This court affirmed the trial court's conclusion that, in that case, Jones had not failed to communicate with his son, had significantly failed to provide for the care and support of his child, but that this failure was not without substantial justification.

In so doing, we stated that "[f]or purposes of determining the existence of 'justifiable cause,' . . . *incarceration is merely one relevant factor* to be considered by the trial court; *incarceration does not per se give rise to justifiable cause,* although in certain circumstances, justifiable cause can be shown to arise therefrom. Each case must be decided on its own circumstances." (Emphasis supplied.) *Jones,* supra at 58 (3c).

This conclusion is consistent with our similar finding that considering a parent's mental condition as one factor is appropriate. *In re B. J. H.,* 194 Ga. App. 282 (1) (390 SE2d 427) (1990).

Considering the evidence in the light most favorable to Brooks, we conclude that any rational trier of fact could have found by clear and convincing evidence that Griffith's failure to substantially pay support was without justifiable cause. *In re W. W. C.,* 210 Ga. App. 492 (436 SE2d 685) (1993); *In re J. L. Y.,* 184 Ga. App. 254, 256 (1) (361 SE2d 246) (1987). Griffith's first enumeration is without merit.

2. Because of the conclusion reached in Division 1, it is unnecessary for this court to consider the second enumeration.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 23, 1995.

*Hartley & Puls, Alton G. Hartley,* for appellant.
*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellee.