## A98A0911. BATEMAN v. FUTCH.
(501 SE2d 615)

ELDRIDGE, Judge.

Appellant James Robert Bateman appeals a Pierce County Superior Court judgment terminating his parental rights and allowing the adoption of his 12-year-old biological son, J. R. B. We affirm.

The standard of review for a decision terminating parental rights is as follows: "whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." (Citations and punctuation omitted.) *In the Interest of T. B. R.*, 224 Ga. App. 470, 472 (480 SE2d 901) (1997); *In re S. D. S.*, 166 Ga. App. 344, 345 (304 SE2d 85) (1983). This Court should defer to the findings of the trial court unless the clear and convincing standard is not met. *In the Interest of T. B. R.*, supra at 472; *In the Interest of S. L. W.*, 221 Ga. App. 509, 510 (471

SE2d 579) (1996).

Viewed in this light, the evidence shows that Bateman is the biological father of J. R. B.; that Bateman was married to Mrs. Futch, J. R. B.'s mother, at the time of the child's conception and birth; and that Bateman was granted visitation rights with J. R. B. and ordered to pay child support under the terms of his 1986 divorce from Mrs. Futch. In 1990, when J. R. B. was four years old, Mrs. Futch married the appellee, Kenneth Futch. J. R. B. has lived with his mother and the appellee since their marriage and refers to Futch as "father."

It is undisputed that Bateman stopped paying child support in September 1991, and has not visited the child since 1992 or 1993. Bateman admitted that he was employed and was capable of paying court-ordered child support in the amount of $25 per week. At the time of the hearing, Bateman owed approximately $8,000 in past due child support. Bateman testified that he did not pay the child support because Mrs. Futch had denied him the opportunity to visit J. R. B., but he admitted that he never petitioned the court to enforce his rights to visitation or modify the support provision of the divorce decree.

Futch filed a petition for adoption of J. R. B. on March 19, 1997. Bateman refused to surrender his parental rights and objected to the petition. Following a hearing on August 11, 1997, the trial court terminated Bateman's parental rights under OCGA § 19-8-10 (b) and finalized the adoption by Futch.

1. In his first enumeration of error, Bateman asserts that the trial court erred in terminating his parental rights pursuant to the court's finding that, *without justifiable cause*, he had "significantly failed to communicate or to make a bona fide attempt to communicate with the minor child, [J. R. B.,] in a meaningful, supportive, parental manner" and that he had "failed to provide for the care and support of [J. R. B.] as required by [Bateman's] divorce decree" for a period of over one year prior to the filing of the petition of adoption. See OCGA § 19-8-10 (b) (1), (2).

"Justifiable cause" for the failure to pay child support may be found in situations where the parent has been unable to earn income due to incarceration, mental illness, mental incapacity, hospitalization, or other circumstances beyond their control. See *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155) (1989); *Griffith v. Brooks*, 216 Ga. App. 401, 403-404 (454 SE2d 602) (1995); *Jones v. Sauls*, 213 Ga. App. 55, 58 (443 SE2d 693) (1994) (holding that "incarceration is merely one relevant factor to be considered by the trial court [and] does not per se give rise to justifiable cause"); see also *Ehrman v. Moser*, 148 Ga. App. 857, 858 (253 SE2d 216) (1979), aff'd, 244 Ga. 112 (259 SE2d 634) (1979). But cf., *In the Interest of B. J. H.*, 194 Ga. App. 282, 283 (390 SE2d 427) (1990). However, each case must be

decided on its own circumstances. *Jones,* supra at 58. Accordingly, the trial court is vested with significant discretion in making the determination as to whether the parent's inaction is excusable. See id.

In this case, there is no dispute that Bateman failed to support or visit J. R. B. since 1993. However, Bateman asserts that this failure was beyond his control and, therefore, was justified, so that his parental rights could not be terminated based upon such inaction.[1] Bateman specifically claims that his parental efforts were "frustrated" when Mrs. Futch asked him to stop contacting the child in 1991 because it was causing J. R. B. to have "emotional problems."

In support of his position, Bateman cites to *Spires v. Tarleton,* 225 Ga. App. 117, 118-119 (2) (483 SE2d 337) (1997), and *Crumb v. Gordon,* 157 Ga. App. 839, 841 (278 SE2d 725) (1981). In *Spires,* supra, this Court reversed an adoption order on procedural grounds. However, in dicta, the Court opined that evidence that the child's mother may have "deliberately frustrated" the father's efforts to communicate with and support the child supported a finding that the father did not intentionally abandon the child under OCGA § 19-8-10 (a). Id. at 118-119. Further, the Court noted that it was "unlikely" that the evidence could support the termination of Spires' parental rights under OCGA § 19-8-10 (b). In *Crumb,* supra, the settlement agreement between the child's parents, which subsequently was incorporated into the couple's divorce decree, waived all visitation rights of the father with their minor child, as well as his responsibility to support the child. In addition, the child's mother forbade *any* contact between the father and child. Even so, the father sent birthday gifts and clothes to the child and provided other support. The father also moved to modify the decree to provide for support and visitation rights. This Court held that, even though the evidence showed that the father had not supported or visited the child for at least one year, "his good faith reliance upon [the decree] constitutes a reasonable excuse for failing to provide for the care and support of the child. [Cits.]" Id. at 842. As such, there was no error in the trial court's refusal to terminate his parental rights. Id.; see also *Ehrman,* supra at 858.

However, this case is clearly distinguishable from *Spires,* supra, or *Crumb,* supra. During the termination hearing, Mrs. Futch admitted that she once told Bateman "that if he was not going to be a

---

[1] Bateman also asserts that there was no evidence that he *intentionally* abandoned J. R. B. under OCGA § 19-8-10 (a). See *Griffith v. Brooks,* 193 Ga. App. 762, 766 (1) (389 SE2d 246) (1989); see also *Spires v. Tarleton,* 225 Ga. App. 117, 119 (483 SE2d 337) (1997). However, the trial court did not decide this case under subdivision (a), so this assertion will not be reviewed.

father in the sense of regular visits and communication, that . . . it would be in the best interest of my child not to see him anymore." However, she repeatedly denied that she ever kept Bateman from visiting J. R. B. Further, she testified that the last time Bateman *even attempted* visitation was in 1992 or 1993, when he took J. R. B. to Dublin, Georgia, and that she did not attempt to prevent this visit or otherwise interfere. Following this visit, Bateman did not send gifts or make any other attempts to communicate with the child.

Further, Bateman intentionally ignored his obligation to pay court-ordered child support. Even if Mrs. Futch did attempt to frustrate his visitation, Bateman was not "justified" in engaging in self-help by refusing to pay the support and should have expected negative consequences for his wilful and intentional acts. See *Kirkland v. Lee*, 160 Ga. App. 446, 451 (287 SE2d 365) (1981).Under the circumstances of this case, there is clear and convincing evidence to support the trial court's finding that Bateman failed to visit or support his child for at least one year without justifiable cause. The order terminating Bateman's parental rights under OCGA § 19-8-10 (b) is affirmed.

2. In his second enumeration of error, Bateman asserts that the trial court's finding that the adoption by the appellee was in J. R. B.'s best interest was not supported by the evidence. However, "[i]n matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse." (Citation and punctuation omitted.) *Crumb*, supra at 841. If there is any evidence to support the trial court's finding that the adoption is in the child's best interest, such finding will be affirmed. Id.; *Beverly v. Kennedy*, 153 Ga. App. 149, 150 (264 SE2d 690) (1980). The evidence as presented above is sufficient to support the trial court's order.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 15, 1998.

*Daniel B. Kane*, for appellant.
*Jimmy J. Boatright*, for appellee.