## A05A1739. MEEKS v. THOMPSON.
(626 SE2d 564)

MILLER, Judge.

James Meeks appeals from the trial court's order severing his parental rights to his daughter and granting the adoption petition of the girl's stepfather, Stuart Thompson. Meeks contends that the trial court erred in making its findings of fact and in reaching its legal conclusions, and in failing to conduct a hearing on the merits of his case. Since the record reveals that clear and convincing evidence supported the trial court's conclusions, and that Meeks consented to a hearing on the merits through documentary evidence and witness interviews submitted to the trial court, we discern no error and affirm.

1. Despite his several enumerations, the central issue on appeal is whether the trial court erred in severing Meeks's parental rights in his daughter by granting Thompson's petition for adoption. For the reasons that follow, we hold that the trial court did not err.

Pursuant to OCGA § 19-8-10 (b) (2),

[s]urrender of rights of a parent . . . shall not be required as a prerequisite to the filing of a petition for adoption of a child

of that parent . . . if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed . . . [t]o provide for the care and support of that child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interests of that child.

On appeal from an order severing a parent's rights to a child based on an adoption petition, this Court views the evidence in the light most favorable to the trial court's findings and determines whether any rational trier of fact could have found by clear and convincing evidence that the biological parent's rights to custody have been lost. See *Bateman v. Futch*, 232 Ga. App. 271 (501 SE2d 615) (1998); see also *Thorne v. Padgett*, 259 Ga. 650, 651 (386 SE2d 155) (1989). With respect to the question whether an adoption is in the best interest of the child, the trial court is vested with broad discretion which this Court will not disturb on appeal absent evidence of plain abuse. *Bateman*, supra, 232 Ga. App. at 274 (2).

With these standards in mind, the record reveals that Meeks and his wife divorced in Tennessee in 1987, and that the two had a daughter during an attempted reconciliation in 1991. The mother married Thompson in 1994. In 1999, a Tennessee court allowed the mother, as the daughter's primary custodian, to relocate to Georgia with her daughter and Thompson, and ordered Meeks to pay $600 per month in child support, pay for half of his daughter's medical expenses, and maintain a $50,000 life insurance policy in his daughter's favor. In May 2003, the Tennessee court ordered that all further proceedings relating to the ongoing familial dispute between Meeks and his ex-wife be transferred to Georgia.

A year later, Thompson filed a petition to adopt his stepdaughter, alleging that Meeks had, for the past year, "significantly failed to provide for the care and support of [the] child[ ] as required by law or Judicial Decree[,]" and alleging that the adoption of the child was in her best interest. The mother consented to Thompson's proposed adoption of her daughter. Evidence also revealed that Thompson and his wife maintained a stable home for the child and that the 13-year-old girl wanted to be adopted by Thompson.

In response to the adoption petition, Meeks did not present any evidence to dispute Thompson's claim that Meeks had failed to pay $7,249.24 in child support and medical expenses for his daughter for at least a year before the adoption petition was filed. Neither did Meeks present any evidence that he had actually obtained a $50,000 life insurance policy for the benefit of his daughter. Instead, he challenged the jurisdiction of the trial court, asserting that he was a member of the "Chikamaka-Cherokee" Native American tribe, and

that the adoption proceedings had to be transferred to and resolved in his tribal court under federal law. The evidence revealed, however, that the so-called "Chikamaka-Cherokee" tribe was not a legitimate Native American tribe, but a sham organization invented by Meeks and his brothers in an attempt to delay the adoption proceedings.

Based on the evidence presented, we find that the trial court did not err in concluding that clear and convincing evidence supported the finding that Meeks, without justifiable cause, failed for over a year to provide for the care and support of his daughter as required by the Tennessee child support order.[1] See, e.g., *Boyd v. Harvey*, 173 Ga. App. 581, 583-584 (1) (327 SE2d 551) (1985). We further find that the trial court did not abuse its discretion in concluding that the adoption was in the child's best interest. Id. at 584 (1).

2. We find Meeks's argument that the trial court erred in failing to hold a separate hearing before ruling on the adoption petition to be without merit. The record reveals that at a hearing on the adoption petition, Meeks's counsel agreed to allow the trial court to resolve the issues in the case based on the briefs of the parties, the submitted documentary evidence, and an interview with the 13-year-old child conducted in the presence of the guardian ad litem. Since Meeks consented to this procedure, and the trial court merely followed the procedure consented to by him, Meeks has no basis for complaining on appeal that the trial court did not conduct an additional hearing before ruling on the adoption petition. See *City of Demorest v. City of Baldwin*, 251 Ga. App. 855, 856 (554 SE2d 824) (2001) (where trial court followed modified arbitration procedure as requested by the parties, any resulting error was induced by the parties and provided no basis for reversal on appeal).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 24, 2006.

*DeCara S. Brown*, for appellant.
*Tucker, Everitt, Long, Brewton & Lanier, John B. Long*, for appellee.

---

[1] We find Meeks's arguments relating to his efforts to communicate with his child, and his arguments denying that he abandoned her, to be misplaced. As indicated by both the adoption petition and the trial court's order, this was not a case of abandonment or a case dealing with Meeks's failure to communicate with his child, but a case of Meeks failing to provide support for his daughter for a year or more.