## A05A2193. RAY v. DENTON.
(628 SE2d 180)

BERNES, Judge.

Appellant Clyde Jason Ray appeals the trial court's final order and decree of adoption ("the decree") terminating his parental rights and allowing the adoption of Ray's minor biological daughter by appellee/stepparent Duane C. Denton, Sr. Ray contends that the evidence was insufficient to support the trial court's decision[1] and the trial court's decree was legally insufficient for failure to specify that Ray "significantly" failed to provide care and support for the child. For the following reasons, we affirm.

---

[5] See *Loren v. State*, 268 Ga. 792, 795 (3) (493 SE2d·175) (1997).

[6] See *Childers v. State*, 228 Ga. App. 214, 215 (1) (491 SE2d 456) (1997).

[1] Ray also enumerates that the evidence reflected that he "communicated and made a bona fide attempt to communicate with [J. L. R.] in a meaningful, supportive, parental manner in the twelve months immediately preceding the date the petition for adoption was filed." Nonetheless, we need not address this issue since the trial court's decision granting the adoption was solely based upon OCGA § 19-8-10 (b) (2) governing failure to provide for the care and support of the child.

1. Denton filed his petition for adoption of J. L. R., his five-year-old stepdaughter, based upon OCGA § 19-8-6 (a) (1), governing adoptions by a stepparent, and OCGA § 19-8-10 (b), which provides:

> Surrender of rights of a parent pursuant to subsection (a) of Code Section 19-8-6 . . . shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent . . . if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed: (1) [t]o communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or (2) [t]o provide for the care and support of that child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interests of that child.

Following a hearing on the matter, the trial court issued its decree granting Denton's petition on the basis of OCGA § 19-8-10 (b) (2) for Ray's significant failure to provide for the care and support of J. L. R.

On appeal of a decision terminating parental rights, we determine "whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." (Citations and punctuation omitted.) *Bateman v. Futch*, 232 Ga. App. 271 (501 SE2d 615) (1998). We defer to the trial court's findings unless the clear and convincing standard is not met. Id. "In matters of adoption[,] the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse." (Citation and punctuation omitted.) *McCurry v. Harding*, 270 Ga. App. 416, 417 (606 SE2d 639) (2004).

So viewed, the evidence shows that Ray is the biological parent of J. L. R. born on December 27, 1998. Ray and J. L. R.'s biological mother were divorced pursuant to a November 7, 2000 decree which provided sole legal and physical custody of J. L. R. to the mother. The decree further required Ray to pay $250 in monthly child support and to reimburse the mother for the cost of J. L. R.'s health insurance. Ray was granted supervised visitation with the child because of his history of drug use.

On October 13, 2001, Denton married J. L. R.'s mother. Since the date of the marriage, J. L. R. has resided with her mother and Denton. On July 13, 2004, Denton filed a petition for adoption of J. L. R. pursuant to OCGA § 19-8-10. Although J. L. R.'s mother had executed

a "Parental Consent to Step-Parent Adoption" on July 12, 2004, Ray filed a response objecting to Denton's petition on August 27, 2004.

It was undisputed that no child support payments had been made for the one-year period from July 2003 to July 2004 immediately prior to the filing of the petition. In efforts to show that his failure to pay child support was justifiable, Ray pointed to the fact that he was incarcerated in prison from September 2001 to March 2004 on charges for theft by taking, theft by receiving, criminal damage to property, forgery and criminal attempt to commit robbery. Ray alleged that he paid child support for J. L. R. from the time of the final divorce until June 2003 when his funds were depleted.

"For purposes of determining the existence of 'justifiable cause,' within the meaning of OCGA § 19-8-10 (b), incarceration is merely one relevant factor to be considered by the trial court; incarceration does not per se give rise to justifiable cause. . . . Each case must be decided on its own circumstances." *Jones v. Sauls*, 213 Ga. App. 55, 58 (3) (c) (443 SE2d 693) (1994). Although Ray was still incarcerated during a part of the relevant period before the petition was filed, the evidence showed that Ray's payments were sporadic even before his incarceration. A prior contempt order had been entered against Ray on April 27, 2001 in an action brought by the Georgia Department of Human Resources for Ray's failure to pay child support and medical insurance for J. L. R. in accordance with the divorce decree.

After Ray was released from prison and became employed, his failure to pay child support continued. Ray did not pay the child support arrearage until after he was served with the adoption petition. At that time, he paid the full amount of arrearage at once and in a lump sum. However, "pay[ing] up the arrearages comes too late after the filing of the petition for adoption. . . . Rights of the parties are generally fixed as of the time the petition is filed and served." (Citations omitted.) *Hamrick v. Seward*, 126 Ga. App. 5, 10 (2) (189 SE2d 882) (1972).

Ray's further claim that his failure to pay support was the result of medical illness is unavailing. Ray's first medical illness allegedly occurred in July 2004. He nonetheless had failed to make child support payments at a time when he was employed and before his reported illness.

Considering the evidence in the light most favorable to Denton, we conclude that any rational trier of fact could have found by clear and convincing evidence that Ray had, without justification, substantially failed to pay child support for J. L. R. as required by law and pursuant to the divorce decree for a period of one year immediately prior to the filing of the adoption petition. *Griffith v. Brooks*, 216 Ga. App. 401, 402 (1) (454 SE2d 602) (1995); *Curde v. Matson*, 190 Ga. App. 782, 784 (2) (380 SE2d 71) (1989). See also *Battaglia v. Duke*, 230

Ga. App. 667, 670-671 (2) (497 SE2d 250) (1998). " '[S]poradic and de minimis' efforts do not require the court to find that there have been significant steps." (Citations omitted.) *In re J. S. J.*, 180 Ga. App. 873, 875 (3) (350 SE2d 843) (1986).

The evidence further established that Denton's adoption of J. L. R. was in the child's best interest. Trial testimony showed that Denton and J. L. R. had a close relationship. J. L. R. was two years old when the Dentons married, and Denton was the only real father figure that J. L. R. had known. J. L. R. referred to Denton as "Dad," and expressed to the Dentons that she wanted to have Denton's last name. Denton participated with J. L. R. in school activities. Denton stated that he loved J. L. R., already thought of himself as her father, and was capable and willing to take full parental responsibility of her.

Finally, the record also reflects that J. L. R. did not have a close relationship with Ray and his family. After Ray was released from prison, he failed to regularly visit with J. L. R. and in fact, only visited with her once and then, only for dinner. He eventually ceased telephoning her as well. Although Ray argues that there is no evidence that he was unfit and that J. L. R. was not the victim of any of his crimes, the trial court did not abuse its broad discretion in finding that the adoption was in J. L. R.'s best interest based on the circumstances presented in this case. See *McCurry*, 270 Ga. App. at 420 (4).[2]

2. Ray further claims that the trial court's decree was deficient in that it failed to find that he "has failed significantly" to support J. L. R. We disagree.

OCGA § 19-8-18 (b) requires that "[i]n all cases wherein Code Section 19-8-10 is relied upon by any petitioner as a basis for the termination of parental rights, the court shall include in the decree of adoption appropriate findings of fact and conclusions of law relating to the applicability of Code Section 19-8-10." Here, the trial court's decree complied with this requirement.

As to the element of a "significant" failure, the trial court's decree consisted of specific findings of fact that "[a]t the time of filing the petition[,] there had been no payments on the monthly child support for the period of July, 2003 through July, 2004" and that there had been "no child support payments from the date of his release from prison through August, 2004." The trial court's decree further stated that its conclusions of law were based on its findings of fact and the verified petition, which specifically referenced OCGA § 19-8-10 in

---

[2] The trial judge had also presided over the divorce and contempt proceedings between Ray and J. L. R.'s mother, and was thus familiar with the parties.

seeking adoption due, in part, to Ray's failure to pay child support as required by the divorce decree and contempt order.

The decree's specific written findings were sufficient. OCGA § 19-8-18 (b). It is not necessary to remand this case in order for the court to use the exact language provided in the statute where the pertinent findings and conclusions have been made. See *Weickert v. Weickert*, 268 Ga. App. 624, 628-629 (2) (602 SE2d 337) (2004). Compare *Maynard v. Brown*, 276 Ga. App. 229 (622 SE2d 901) (2005) (where remand was required since the trial court's decree merely set forth legal conclusions without supportive findings of fact as required by OCGA § 19-8-18 (b)).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 7, 2006.

*Sherry T. Barnes*, for appellant.
*Stanley C. House*, for appellee.